63 F.3d 483
 Larry WILLIAMS, Plaintiff-Appellee/Cross-Appellant,
v.
Charles BASS, Assistant Commissioner Tennessee Department of
Corrections; Jim Dickman; James B. Britt; Penny
Laurer; Sammie Bonner,
Defendants-Appellants/Cross-Appellees,
Larry Lopp, Defendant.
 Nos. 93-6327, 94-5154.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 30, 1995.
Decided Aug. 29, 1995.
 
 Larry Williams (briefed), Clifton, TN, pro se.
 Douglas L. Payne (argued and briefed), Greeneville, TN, for Larry Williams.
 Sharon T. Rousseau (argued and briefed), Office of Atty. Gen., Civ. Rights and Claims Div., Nashville, TN, for Charles Bass, Jim Dickman, James B. Britt, Penny Laurer, Sammie Bonner and Larry Lopp.
 Before: JONES, NELSON, and RONEY, Circuit Judges.*
 RONEY, Circuit Judge.
 
 
 1
 When an inmate at the Nashville Community Service Center ("NCSC"), Larry Williams, was in a single car accident while out of the facility on an eight-hour pass, the prison disciplinary board found him guilty of driving under the influence of alcohol and transferred him from minimum security status to a medium security facility. He sued various officials connected to the Tennessee prison system under section 1983 seeking declaratory and monetary relief on the ground they violated his due process rights.
 
 
 2
 The district court, adopting the magistrate judge's recommendation, concluded that Williams' disciplinary conviction violated his right to due process because it was based on no evidence. The court entered declaratory relief, and ordered the conviction expunged from the record, but denied monetary relief because the defendants were entitled to qualified immunity. Although doubting Williams had a liberty or property interest subject to due process requirements, we reverse the district court on the ground there was sufficient evidence for the board's action. We affirm the decision that defendants have qualified immunity from this suit.
 
 
 3
 After the accident, Williams was arrested for driving while intoxicated and driving with a revoked license. Three days later, Williams testified before a three-member disciplinary board at NCSC that he was indeed intoxicated, not by alcohol as the trooper reported however, but by fumes from gasoline that soaked his clothes in the accident.
 
 
 4
 The board found Williams guilty of the disciplinary infraction of intoxication by alcohol, and upon the board's recommendation, Williams was stripped of his minimum security status and transferred to a medium security facility. Williams subsequently appealed the board's decision to the NCSC warden Jim Dickman and to Charles Bass, Assistant Commissioner of the Tennessee Department of Correction, both of whom affirmed the board's decision.
 
 
 5
 Williams then filed this civil rights action under section 1983 pro se against Dickman, Bass, and the three disciplinary board members, James B. Britt, Penny Laurer, and Sammie Bonner, claiming that defendants had violated his Fourteenth Amendment right to due process in finding him guilty of intoxication from alcohol and issuing a disciplinary report without sufficient evidence of his guilt.
 
 
 6
 There is considerable doubt that any constitutionally protected property or liberty interest is involved in this case. The first inquiry in every section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692-93, 61 L.Ed.2d 433 (1979). Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary governmental action. Such a liberty interest can arise from the Constitution or from state statutes, policies and practices. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868-69, 74 L.Ed.2d 675 (1983).
 
 
 7
 The board's sanction was to terminate Williams' minimum security status. As a general proposition, an inmate possesses no inherent constitutional right to placement in any particular prison or in any particular section within the prison system. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538-39, 49 L.Ed.2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Nor does Williams allege that any state law provides such a right. The mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections. E.g., Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).
 
 
 8
 The only other action of the board was to include its report as part of Williams' prison record. The district court in its Order identified the presence of the report in Williams' file as a "cognizable harm to him, since it is reasonably foreseeable that he may be returned to prison in the event of a violation of the terms of his parole." Williams cites no authority for the proposition that this speculative injury provides a source of due process protection. Based on this record, it is extremely doubtful that Williams has a cognizable due process claim.
 
 
 9
 In any event, assuming without deciding an interest protectible by constitutional due process, it is quite evident that there was sufficient evidence for the board's action to comport with due process standards.
 
 
 10
 It is important to note that not much evidence is required to support the action of a prison disciplinary board. The seminal case is Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Hill establishes the quantum of evidence required to satisfy due process in this situation.We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced....' (Emphasis added).
 
 
 11
 Hill, 472 U.S. at 455, 105 S.Ct. at 2774 (citation omitted).
 
 
 12
 "Some evidence" is all that is needed. In determining whether a decision of a prison disciplinary board had some evidence, courts are not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence. Hill, 472 U.S. at 455, 105 S.Ct. at 2774. "Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56, 105 S.Ct. at 2774. (Emphasis added).
 
 
 13
 The evidence before the board included: a receipt of the plaintiff; a letter from the sheriff's department in the county where Williams was arrested; the booking sheet; a telecopy cover sheet; the telephone incident report; TDOC incident report; CR-0556(pass); a bag of clothing presented by the plaintiff allegedly soaked with gasoline; and a copy of the arrest ticket. The board principally relied upon the arrest ticket issued by Trooper Jones, the investigating officer at the scene. The arrest ticket, entitled "Complaint/Affidavit," included a sworn statement by the arresting trooper stating he had reasonable grounds to believe and did believe Williams was driving under the influence of alcohol.
 
 
 14
 Plaintiff admitted at the hearing that he was intoxicated. The assessment of the state trooper who saw and arrested Williams, and determined he was driving under the influence of alcohol is sufficient to satisfy the "some evidence" test in Hill.
 
 
 15
 We reverse the district court's finding that Williams' due process rights were violated.
 
 
 16
 Williams cross-appeals the court's order granting defendants qualified immunity. Defendants are entitled to qualified immunity unless the plaintiff's rights were so clearly established at the time the acts were committed that officials in the defendants' position, measured objectively, would have clearly understood that they were under an affirmative duty to have refrained from such conduct. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Dominque v. Telb, 831 F.2d 673, 676 (6th Cir.1987). The district court properly applied this standard in deciding the defendants are entitled to qualified immunity. Our decision that the board properly applied the Hill "some evidence" standard so that Williams suffered no constitutional due process violation undergirds that decision.
 
 
 17
 APPEAL: REVERSED.
 
 
 18
 CROSS-APPEAL: AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation