[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought this habeas corpus proceeding challenging the disciplinary report he received for "fighting" at MacDougall Correctional Institution on December 16, 1995. The petitioner further challenges his classification and the nature of the hearing held which resulted in the change of his classification to a security risk group safety threat member. The petitioner also challenges his ineligibility to earn good time credits as a result of his classification and his placement in close custody as a result of that classification. The petitioner further claims that his earned good time credit has been wrongfully forfeited. CT Page 13396
As a result of a Motion to Dismiss filed by the Respondent Warden, the Court has previously dismissed all of the claims of the petitioner with the exception of the petitioner's claims with respect to "actual good time lost without a hearing". (See File Motion #116 and Order of the Court, Mihalakos, J., dated March 28, 1998). Accordingly, the only matter before the Court is the petitioner's claim that his earned good time credit has been wrongfully forfeited.
The Court makes the following findings of fact: On December 16, 1995, a large scale fight broke out at MacDougall Correctional Institution involving at least thirty inmates, some of whom were known or suspected gang, or "security risk group" members. The fight was considered to be a fight between rival gang members. As a result of the fight and his involvement in the fight, the petitioner received a disciplinary report. The petitioner was convicted of the charge against him. As a result of the disciplinary report and conviction the petitioner received 90 days loss of good time.
In Wolff v. McDonnell, the Supreme Court held that due process requires certain procedural protections before an inmate can be deprived of a protected liberty interest in good time credits. 418 U.S. 539, 563-67, 94 S.Ct. 2963, 41 L.Ed.2d 935
(1974). The requirements of due process, however, are flexible and are to be determined by balancing the interests affected by the relevant government action. Superintendent v. Hill,472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). An inmate's interest in good time credits must be balanced in the context of the "distinctive setting of a prison, where disciplinary proceedings take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Id.
The Supreme Court has held that in balancing these interests,due process is satisfied if some evidence supports the decisionby prison officials to revoke good time credits (emphasis added).Superintendent v. Hill, supra 472 U.S. 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."Id., 455-56. The Supreme Court reasoned that this standard was appropriate standard in the prison setting, as here, by stating, "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on CT Page 13397 the basis of evidence that might be insufficient in less exigent circumstances." Id., citing Wolff v. McDonnell, supra,418 U.S. at 562-63, 567-69. Thus, the evidentiary threshold required to sustain the finding of a hearing officer in a correctional institution disciplinary hearing is very low.
"In determining whether a decision of a prison disciplinary board had some evidence, courts are not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." Williams v Bass,63 F.3d 483, 486 (6th Cir. 1995), quoting Superintendent v. Hill, supra.472 U.S. 455.
In his own testimony, the petitioner acknowledged that at the time of the "fight" the petitioner was playing chess with another inmate when a "recall" was called. As the petitioner was returning to his cell in compliance with the "recall" order the petitioner noticed a large group of inmates gathering on the top tier. The petitioner states that he climbed the stairs to the top tier in an attempt to break up the fight between the inmates. The petitioner asserts that he was not involved in the fight in any way.
The Hearing Officer, Lieutenant Meullinaus (sp), testified that the petitioner inmate was positively identified by Corrections Officer Sullivan as having gone up the stairs to the altercation; that the petitioner inmate, by his own admission, acknowledges that he went up the stairs to the altercation; and, that the videotape of the incident clearly shows the petitioner inmate ascending the stairs to the altercation. The Hearing Officer further testified that incident was a serious incident and jeopardized the safety and security of the unit. The Hearing Officer further testified that if all of the inmates had followed the orders of the Corrections Officers to return to their cells and stay away from the area where the fight was taking place, the incident would simply have been a fight between two inmates that could have easily been handled by the Corrections Officer who responded to the incident. The presence of a large number of other inmates, some of whom were clearly involved in the fight and others of whom now claim they were simply trying to break up the fight, unnecessarily complicated matters and compounded the dangerousness of the situation.
The Court has carefully considered testimony and weighed the credibility of the witnesses who testified at the hearing and the CT Page 13398 Court has further carefully considered all of the exhibits that have been submitted to the Court in connection with the hearing. Based upon all of the foregoing, the court finds that there was clearly "some" evidence to support the Hearing Officer's findings. This Court cannot engage in a second evidentiary hearing. The Hearing Officer's factual findings must stand in the absence of an abuse of authority by that officer. Those findings are not unreasonable and there has been no showing of any abuse of authority by the Hearings Officer.
The petition for writ of habeas corpus and the amended petition therefore are both denied.
BY THE COURT
CARROLL, J.