[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought this habeas corpus proceeding challenging the disciplinary report he received for his involvement in a fight at MacDougall Correctional Institution on December 16, 1995. The petitioner further challenges his classification and the nature of the hearing held which resulted in the change of his classification to a security risk group safety threat member. The petitioner also challenges his ineligibility to earn good time credits, participate in programs, be eligible for parole and see his children as a result of his classification and his placement in close custody as a result of that classification. The petitioner further claims that his earned good time credit has been wrongfully forfeited.
The petitioner requests that the safety threat member designation be expunged from his record; that he be released from close custody; that he be restored the good time credit that was forfeited; and that he be credited with the good time he would have earned since the date of the incident.
The Court makes the following findings of fact: On December 16, 1995, a large scale fight broke out at MacDougall Correctional Institution involving at least thirty inmates, some of whom were known or suspected gang, or "security risk group" members. The fight was considered to be a fight between rival gang members. As a result of the fight and his involvement in the fight, the petitioner received a disciplinary report. A disciplinary hearing was held on December 20, 1995 at which hearing the petitioner was present and testified. The petitioner CT Page 13393 was found guilty of the charge by the disciplinary Hearing Officer. As a result thereof, the petitioner received 30 days loss of visits, 15 days confinement to quarters, 15 days of punitive segregation and 90 days loss of good time.
In his own testimony, both in his disciplinary proceeding at the institution and before the Court, the petitioner acknowledged being amidst the inmates who were involved in the fight on the date in question but that he (the petitioner) was not fighting. Rather, the petitioner asserts that he was attempting to break up the fight between the inmates. The petitioner asserts that he was not involved in the fight in any other way.
The Hearing Officer, Lieutenant Meullinaus (sp), testified and the Court finds that the petitioner inmate presented his own witness who testified at the disciplinary hearing that the petitioner was involved in the incident (fight) in that he was attempting to "separate a couple of people to stop the fight". The Hearing Officer further testified and the Court finds that at the disciplinary hearing, the petitioner inmate, by his own admission, acknowledged that he went up to the fight in an attempt to break up the fight. The Hearing Officer further testified and the Court finds that the incident was a serious incident and jeopardized the safety and security of the unit. The Hearing Officer further testified and the Court finds that if all of the inmates had followed the orders of the Corrections Officers to return to their cells and stay away from the area where the fight was taking place, the incident would simply have been a fight between two inmates that could have easily been handled by the Corrections Officers who responded to the incident. The presence of a large number of other inmates, some of whom were clearly involved in the fight and others of whom now claim they were simply trying to break up the fight, unnecessarily complicated matters and compounded the dangerousness of the situation.
In Wolff v. McDonnell, the Supreme Court held that due process requires certain procedural protections before an inmate can be deprived of a protected liberty interest in good time credits. 418 U.S. 539, 563-67, 94 S.Ct. 2963, 41 L.Ed.2d 935
(1974). The requirements of due process, however, are flexible and are to be determined by balancing the interests affected by the relevant government action. Superintendent v. Hill,472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). An inmate's interest in good time credits must be balanced in the context of CT Page 13394 the "distinctive setting of a prison, where disciplinary proceedings take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Id.
The Supreme Court has held that in balancing these interests,due process is satisfied if some evidence supports the decisionby prison officials to revoke good time credits (emphasis added).Superintendent v. Hill, supra 472 U.S. 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."Id., 455-56. The Supreme Court reasoned that this standard was appropriate standard in the prison setting, as here, by stating, "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Id., citing Wolff v. McDonnell, supra,418 U.S. at 562-63, 567-69. Thus, the evidentiary threshold required to sustain the finding of a hearing officer in a correctional institution disciplinary hearing is very low.
"In determining whether a decision of a prison disciplinary board had some evidence, courts are not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." Williams v. Bass,63 F.3d 483, 486 (6th Cir. 1995), quoting Superintendent v. Hill, supra.472 U.S. 455.
As regards the sanctions that were imposed as a result of the findings of the Hearing Officer who presided over the disciplinary hearing, the Court finds that all of the due process requirements set forth in Wolff v. McDonnell, supra 418 U.S. 539, and the "some evidence" test of Superintendent v. Hill, supra472 U.S. 455, were met at said disciplinary hearing.
As regards the petitioner's claim that he was classified as a security risk group safety member, such claims are barred by virtue the holding of Abed v. Commissioner of Correction,42 Conn. App. 176, 179-180, cert. denied, 239 Conn. 937 (1996) since such claims are not cognizable in a habeas corpus forum. Moreover, any allegations concerning the petitioner's status as a security risk group safety member are moot as the petitioner has not been in that status since November 19, 1997. CT Page 13395
The Court has carefully considered testimony and weighed the credibility of the witnesses who testified at the hearing and the Court has further carefully considered all of the exhibits that have been submitted to the Court in connection with the hearing. Based upon all of the foregoing, the Court finds that the appropriate due process requirements were met at the petitioner's disciplinary hearing and that there was clearly "some" evidence to support the Hearing Officer's findings. This Court cannot engage in a second evidentiary hearing. The Hearing Officer's factual findings must stand in the absence of an abuse of authority by that officer. Those findings are not unreasonable and there has been no showing of any abuse of authority by the Hearings Officer.
The petition for writ of habeas corpus is accordingly denied.
BY THE COURT
CARROLL, J.