**Eduardo NUNEZ, Plaintiff–Appellant,**

v.

**FCI ELKTON, et al., Defendants–
Appellees.**

**No. 01–3970.**

United States Court of Appeals,
Sixth Circuit.

March 26, 2002.

Before NORRIS, SILER, and
GILMAN, Circuit Judges.

## *ORDER*

Eduardo Nunez, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), under the authority of 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief and payment of court costs, expenses, and attorney fees, Nunez filed a complaint against the Federal Correctional Institution located in Elkton, Ohio ("FCI Elkton"), his former place of confinement, and the following officials employed at FCI Elkton: John LaManna, former warden; Mr. Morrison, warden; Mr. Meek, case manager; Mr. Groh, unit manager; Mr. Biafore, unit manager; and Ms. Lewis, case manager. Nunez alleged that the defendants discriminated against him based upon his national origin and violated several provisions of the Code of Federal Regulations by denying his requests for a transfer to a prison closer to his home in Miami, Florida. Nunez alleged that the defendants placed improper codes in his inmate file and that such codes caused him to be improperly classified. Specifically, Nunez contended that the defendants incorrectly placed codes in his file which indicate that he has a detainer pending with the Immigration and Naturalization Service ("INS") and that he will be released to the INS upon completion of his sentence. Due to his improper classification, Nunez alleged that he is ineligible for a transfer closer to his home and placement in a halfway house. Nunez sought removal of all codes placed in his prison records and a transfer closer to his home in Florida. Nunez was subsequently transferred from FCI Elkton to the Metropolitan Detention Center located in Brooklyn, New York ("MDC Brooklyn").

Despite his failure to demonstrate that he had exhausted his available administrative remedies, the district court dismissed Nunez's complaint pursuant to the provisions of 42 U.S.C. § 1997e(c)(2), upon its determination that the complaint failed to state a claim upon which relief may be granted, as contemplated by 28 U.S.C. § 1915(e)(2). Nunez's motion for reconsideration was subsequently denied. Nunez

has filed a timely appeal, requesting oral argument in his reply brief. Nunez also requests appointment of counsel.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

■■■ Upon review, we conclude that the district court properly dismissed Nunez's complaint, as it fails to state a claim for relief. In order to state a viable claim pursuant to the *Bivens* doctrine, a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law. *Bivens*, 403 U.S. at 397, 91 S.Ct. 1999; *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001), *petition for cert. filed* (U.S. Jan. 8, 2002) (No. 01–990). Nunez failed to allege a constitutional deprivation, as a prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245–46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir.1995); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986).

■■■ Furthermore, in order to raise a due process interest, the plaintiff must al-

lege that, by virtue of the alleged acts of the defendants, his sentence was extended or he suffered an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Nunez failed to allege a due process violation, since the terms of his confinement have not been altered by virtue of his confinement at FCI Elkton and his classification by federal prison officials. Thus, Nunez's allegations do not give rise to a constitutional violation. *See id.; Olim,* 461 U.S. at 245–46, 103 S.Ct. 1741; *Meachum,* 427 U.S. at 225, 96 S.Ct. 2532; *Williams,* 63 F.3d at 485; *Ward,* 58 F.3d at 274; *Beard,* 798 F.2d at 876.

To the extent that Nunez asserted a claim for injunctive relief against the defendants based upon their alleged failure to open his legal mail in his presence, his claim is moot in light of his transfer from FCI Elkton to MDC Brooklyn. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996). Nunez no longer resides at FCI Elkton and is not subject to the conditions of confinement there.

Accordingly, the requests for oral argument and appointment of counsel are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.