George Guy GARDNER, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2012–SC–000215–KR.

Supreme Court of Kentucky.

May 24, 2012.

### OPINION AND ORDER

Pursuant to SCR 3.480(2), Movant George Guy Gardner [1] moves this Court to impose a negotiated sanction of a 30–day suspension, probated with conditions for six months. The Kentucky Bar Association (KBA) has no objection. Having reviewed the record, we approve the negotiated sanction.

Ronald Mahan, Sr., retained Movant to represent him for his claim of property damage to his truck resulting from a motor vehicle accident. Movant filed suit in September 2003, and the defense served expert witness interrogatories in October 2003. Trial was set for February 22, 2005 in Boone Circuit Court but was delayed to give Movant more time to provide CR 26 expert witness information. Trial was rescheduled for September 7, 2006 and then

---

1. Gardner's KBA Member Number is 81816, and his bar roster address is P.O. Box 252, Burlington, Kentucky 41005. He was admitted to the practice of law in Kentucky on October 10, 1986.

continued to October 11, 2006 when Movant had issues with his expert witness.

Two weeks before trial, Movant served the defense with a supplemental answer to an interrogatory identifying Keith McDine as a new expert witness. The defense filed a motion in limine to exclude McDine's testimony, because Movant failed to provide the expert's reports or notes.

On the morning of trial, the court granted the defendant's motion in limine to exclude McDine's testimony due to insufficient compliance with CR 26.02(4). Movant would have been unable to prove damages without McDine's testimony. The court denied Movant's motion to continue the case.

Without his client's consent, Movant moved to dismiss the case. When defense counsel requested that the case be dismissed with prejudice, Movant did not object. The circuit court's order reflected that the *plaintiff* moved to dismiss the case with prejudice and that the motion was granted. Movant did not attempt to have the judgment amended or to clarify the circumstances under which the motion was granted. Movant did, however, file a motion for a new trial, which the circuit court denied.

Movant filed a notice of appeal on November 12, 2006, and the case was docketed with the Kentucky Court of Appeals. The appellee filed a motion to dismiss the appeal based on the fact that the circuit court's order reflected that the plaintiff had requested the dismissal. Movant filed a response to the motion on March 26, 2007.

On May 4, 2007, Movant sent a letter to Mahan explaining the status of his case in the Court of Appeals. On May 16, 2007, the Court of Appeals denied the motion to dismiss. On September 13, 2007, the Court of Appeals notified Movant that his brief was overdue and ordered him to file a motion for extension of time or a motion to dismiss within 10 days. Movant did not inform Mahan that the brief was overdue, and he failed to comply with the notice of overdue brief.

On October 29, 2007, the appellee filed a motion for the Court of Appeals to reconsider the motion to dismiss. Movant responded two days late, and on November 9, 2007, the clerk of the Court of Appeals returned Movant's overdue motion. Movant then took no further action on the appeal.

In an order entered January 22, 2008, the Court of Appeals ordered Movant to show cause why a fine should not be imposed on him for his failure to comply with the terms of the September 13, 2007 notice of overdue brief. Movant did not inform Mahan of the show cause order. On January 31, 2008, Movant responded to the show cause order and, without informing Mahan, filed a motion to dismiss the appeal. On March 17, 2008, the Court of Appeals entered an order granting Movant's and the appellee's motions to dismiss. The order directed Movant to serve a copy of the order on Mahan within 10 days.

Movant did not inform Mahan of the dismissal until a letter dated May 1, 2008. Although the Court of Appeals dismissed the appeal following a motion by Movant, Movant's letter to Mahan implied that the Court of Appeals had ruled against Mahan on the merits. Movant also incorrectly informed Mahan that the Court of Appeals "ordered" him to file a motion to dismiss. On May 5, 2008, Movant filed with the Court of Appeals a certification that on May 2, 2008, he served his client with a copy of the court's order regarding sanctions and dismissing the appeal.

Movant admits that his conduct violated the following Rules of Professional

Conduct:[2] SCR 3.130–1.3 (lawyer shall act with reasonable diligence and promptness in representing client); SCR 3.130–1.4(a) (lawyer should keep a client reasonably informed about the status of a matter); SCR 3.130–1.4(b) (lawyer should explain a matter to the extent reasonably necessary to permit client to make informed decisions); SCR 3.130–3.4(c) (lawyer shall not knowingly or intentionally disobey an obligation under the rules of a tribunal); and SCR 3.130–8.3(c) (professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The KBA states that it has no objection to Movant's motion for a thirty-day suspension, probated with conditions. As a condition of the probation, Movant agrees to pay his former client $500.00 per month for six months, for a total restitution of $3,000.00.

Pursuant to SCR 3.480(2), where an attorney and the KBA have agreed to a negotiated sanction, this Court may approve the sanction or remand the case for further proceedings. Because Movant has no prior disciplinary history, we agree with the parties that the negotiated sanction is appropriate.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Movant George Guy Gardner is guilty of violating former SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.4(b), 3.130–3.4(c), and 3.130–8.3(c);

2. Movant is hereby suspended from the practice of law in Kentucky for a period of thirty (30) days, probated for six (6) months on condition that Movant comply with all conditions in this Opinion and Order;

3. Movant shall pay restitution to his former client Ronald Mahan, Sr., in the amount of $500.00 per month for a period of six months, for a total restitution of $3,000.00; and

4. Movant shall pay the costs of this proceeding, certified by the Executive Director in the amount of $284.54, for which execution shall issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
    Chief Justice

2. All references are to the Rules of Professional Conduct prior to the 2009 amendments.