**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Eric C. DETERS, Respondent.**

Nos. 2012–SC–000666–KB,
2012–SC–000667–KB.

Supreme Court of Kentucky.

May 23, 2013.

Reconsideration Denied Aug. 29, 2013.

**OPINION AND ORDER**

This Opinion and Order resolves two KBA disciplinary files, Nos. 16037 and 19366, against Eric C. Deters.

Eric Deters was admitted to the practice of law in Kentucky on October 10, 1986, and his bar roster address is 5247 Madison Pike, Independence, Kentucky 40151. His Kentucky Bar Association (KBA) Member Number is 81812.

In KBA File No. 16037, the Board of Governors of the Kentucky Bar Association has, under SCR 3.370(5), recommended to this Court that Deters be found guilty of three counts of professional misconduct and be suspended from the practice of law in this Commonwealth for 60 days.

In KBA File No. 19366, the Board has recommended that Deters be found guilty of one count of misconduct and be suspended from the practice of law for 30 days, with that time to be served concurrently with the suspension in KBA File No. 16037.

Deters has sought review of these recommendations under SCR 3.370(7) challenging the process before the Board and, alternatively, requesting that he be given credit for additional suspension time related to a previous disciplinary case. This Court agrees with the Board as to Deters's guilt and the recommended sanction in both cases. Additionally, Deters will not be given credit for the previous additional suspension time.

### I. Background

**A. The facts underlying KBA File 16037.**

On February 9, 2003, Victoria and Jerry Huebener contracted with Concept Homes to build a house. At that time, Concept Homes was the assumed name of a sole proprietorship owned by Dennis Zahler. Dennis worked with his son, Scott Zahler. The contract included a binding arbitration clause requiring mediation and then arbitration before the American Arbitration Association.

On June 17, 2003, Dennis Zahler organized Concept Homes as a limited liability company, Concept Homes LLC, under KRS Chapter 275 by filing an articles of organization with the Secretary of State.

In December 2003, the Huebeners filed a demand for mediation under the agreement. Deters began representing the Zahlers and Concept Homes soon after.

In March 2004, Deters filed a pleading in the mediation-arbitration proceeding asserting that Concept Homes LLC was the responsible party because it had been formed on January 11, 2003, almost a month before the agreement with the Huebeners was signed. Attached to this document was a copy of an articles of organization for the LLC with the January 2003 date.

That same month, the Huebeners filed a response asserting that Concept Homes LLC had not been organized as an LLC until June 17, 2003, almost four months after the contract was signed. Included with their response were certified copies of documents from the Secretary of State, including the articles of organization of the LLC, showing the date of organization as June 17, 2003. Deters claimed that he never read this response or saw the articles of organization.

On April 29, 2004, Deters filed a verified complaint for declaratory judgment in Campbell Circuit Court seeking a declaration that Dennis and Scott Zahler were not individually liable under the contract with the Huebeners. The verified complaint included the following factual and legal claims:

5. Concept Homes, LLC was formed on January 11, 2003.

8. The Contract (Work Order) Exhibit A was entered into between Concept Homes, LLC and Defendants.

9. There is no personal liability on Dennis Zahler's and Scott Zahler's behalf.

11. Concept Homes has no money to arbitrate and Dennis Zahler and Scott Zahler have no personal liability.

The Huebeners filed an answer and counterclaim for declaratory judgment, again alleging that the LLC was not formed until June 17, 2003. Another copy of the certified documents from the Secretary of State were sent to Deters along with the answer and counterclaim.

On August 31, 2004, Deters filed an amended complaint adopting and incorporating all the claims from the original complaint. Deters later admitted that he learned the actual organization date of the LLC during discovery in the case and before he filed the amended complaint. He claimed, however, that he had been relying on the documents provided to him by his client that included an articles-of-organization form with the January 2003 date.

The litigation continued in Campbell Circuit Court. Eventually, the Huebeners filed a motion for partial summary judgment. In his response, filed in January 2005, Deters stated: "After discovery to date, Plaintiffs accept the fact that Dennis Zahler, individually, d/b/a Concept Homes is an appropriate party.... In addition, Defendants filed a Third Party Complaint naming Concept Homes, LLC as a party.... Concept Homes, LLC was formed in the middle of the project so they must be a party.... So, Defendants and Plaintiffs are now in *agreement,* Concept Homes, LLC is a necessary party." The third-party complaint, however, named only "Concept Homes."

On February 10, 2005, the Campbell Circuit Court found that Dennis Zahler was personally liable under the contract

and ordered him to proceed with mediation and arbitration.[1]

Shortly after, the Huebeners filed a motion for sanctions under Civil Rule 11[2] based on Deters's misrepresentations about the date of the organization of Concept Homes LLC and the personal liability of Dennis Zahler under the construction contract. The court held a hearing on the motion and in January 2006 held that Deters had violated Civil Rule 11. Specifically, the court order included the following conclusions:

- "As acknowledged by Mr. Deters, all of the statements in the pleadings in this actions, [sic] and signed by him, referenced in paragraph 6,[[3]] above, as they relate to Plaintiff Dennis Zahler are untrue and were untrue at the time they were made."

- "Deters knew that Concept Homes, LLC had been formed . . . on June 17, 2003, before he filed the Complaint, in which he nonetheless alleged that 'Concept Homes was formed on January 11,2003."

- "Deters knew or should have known through reasonable inquiry at the time the complaint was filed that Dennis Zahler was a sole proprietor doing business as 'Concept Homes,' yet he alleged to the contrary in the Complaint and in the Request for Admissions."

- "Contrary to his assertion in reply to Defendant's [sic] motion for partial summary judgment, Defendant's [sic] never accepted no [sic] agreed that

Concept Homes, LLC, was a necessary party."

- "Deters had *actual notice* that the key allegations he made were false."

- "[T]he pleadings were interposed only for the purpose of harassing the Defendants and to cause unnecessary delay."

As a result, the court later imposed sanctions of $21,876.14 in costs and attorneys fees on Deters.

Deters appealed this decision to the Court of Appeals, which affirmed and stated:

We agree with the trial court that Deters' conduct was clearly unreasonable and more than a mere oversight. By his own admission, Deters would have known the LLC status of the company simply by reading the information provided by his clients. His failure to do so conveniently resulted in a benefit to his client. An attorney cannot avoid the duty of veracity by failing to read readily available documents.

In 2010, this Court denied discretionary review, and the decision is now final.

In January 2008, upon learning of the Rule 11 sanction imposed by the Campbell Circuit Court, the Inquiry Commission began a disciplinary investigation. In February 2008, Charlotte Huebener filed a bar complaint. The matter was placed in abeyance under SCR 3.180(2) while Deters pursued his appeal of the Rule 11 decision.

After the denial of discretionary review in the Rule 11 proceeding, the Inquiry

---

1. Scott Zahler, as a mere employee of his father, had been dismissed from the suit.

2. Civil Rule 11 states in part: "The signature of an attorney . . . constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well, grounded in fact

and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

3. These are the same allegations from the pleadings quoted above.

Commission issued a three-count charge against Deters. The counts alleged the following violations:

- SCR 3.130–3.1[4] for knowingly filing the complaint in the circuit court action alleging that his client had no personal liability because he had formed his LLC before entering the contract, despite having actual knowledge that this claim was false;
- SCR 3.130–3.3(a)[5] for making false statements in the verified complaint, amended complaint, and the reply to the defendants' motion for summary judgment; and
- SCR 3.130–3.4(c)[6] for violating Civil Rule 11, as found by the circuit court and affirmed on appeal.

The matter was assigned to a trial commissioner. The KBA moved to collaterally estop Deters from re-litigating the findings of the Campbell Circuit Court and the Court of Appeals. This motion was granted, though the commissioner allowed Deters to present evidence in mitigation and to contend that the facts found by those courts did not constitute an ethics violation.

After a hearing on the case in December 2011, the commissioner found Deters guilty of all three counts and recommended a 60–day suspension from the practice of law. Deters appealed the matter to the Board of Governors, which is discussed below.

### B. The facts underlying KBA File No. 19366.

This charge arose from Deters's filing a lawsuit, pro se, against Rob Sanders in Kenton Circuit Court alleging libel and false light. In a pleading in that case, titled Response to Defendant's Memorandum in Support of Motion to Dismiss, or in the Alternative Motion for Summary Judgment, Deters stated: "Further, Eric Deters has not been the subject of any disciplinary action or sanctioned in the past by any of the bars to which he is admitted." In a later filing, Deters stated: "Fact—I have had only two private reprimands by the KBA." In the same filing, he claimed that his previous statement, that he had not been subject to any disciplinary action nor sanctioned in the past, was not false.

Contrary to these claims, Deters had received a private admonition from the Inquiry Commission in 2002 and a private reprimand from this Court in 2003. Additionally, at the time the statements were made, Deters was the subject of six ongoing disciplinary proceedings, which resulted in a 61–day suspension in 2012. *See Kentucky Bar Ass'n v. Deters*, 360 S.W.3d 224 (Ky.2012).

Sanders filed a bar complaint, which led to the issuance of a formal charge by the Inquiry Commission in June 2011. The charge contained one count alleging a violation of SCR 3.130–3.3(a)(1)[7] by Deters's

---

4. "A lawyer shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." SCR 3.130–3.1.

5. "A lawyer shall not knowingly … make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer…." SCR 3.130–3.3–(a)(1).

6. "A lawyer shall not … knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." SCR 3.130–3.4(c).

7. SCR 3.130–3.3(a)(1) states: A lawyer shall not knowingly … make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer…."

making false statements of fact in his pleadings in the civil lawsuit.

This matter was also assigned to a trial commissioner. Deters waived a hearing on the matter and instead submitted only a brief arguing why he believed his conduct did not violate the ethical rules. In May 2012, the trial commissioner found Deters guilty of the violation and recommended a 30–day suspension, to be served consecutively to the 61–day suspension ordered by this Court in *Kentucky Bar Ass'n v. Deters*, 360 S.W.3d 224 (Ky.2012). This matter was also appealed to the Board of Governors.

**C. Proceedings before the Board of Governors.**

Both cases were then appealed to the Board of Governors, which decided by a vote of 12 to 0 to hear them de novo.[8] The cases were heard together.

In KBA File No. 16037, the Board then found that the doctrine of collateral estoppel applied to bar Deters from litigating the findings of the circuit court and Court of Appeals, though he was allowed to present mitigation evidence and argue that the facts as found did not constitute an ethical violation. Additionally, the Board independently found by a preponderance of the evidence that Deters had knowingly filed a complaint asserting known falsehoods as described above; that Deters made false statements in the complaints and other filings, again as described above; and that Deters knowingly violated Civil Rule 11. The Board voted 12 to 0 to find Deters guilty of all three charges.

In KBA File No. 19366, the Board found that Deters's statements in his libel lawsuit were false when made because he had been subject to two prior sanctions (an admonition and a reprimand), and was the subject of other disciplinary actions at that time. The Board voted 12 to 0 to find Deters guilty of the violation.

Before deciding the appropriate sanction, the Board considered Deters's disciplinary history, which consisted of the following:

1. a private admonition in February 2002 for inflammatory statements about the federal and state bench made in a brief;

2. a private reprimand in December 2003 for failing to pay the proceeds of a personal injury settlement to a chiropractor who had a valid lien and assignment from the client in violation of SCR 3.130–1.15(b);

3. a 61–day suspension, as ordered in February 2012 in *Kentucky Bar Ass'n v. Deters*, 360 S.W.3d 224 (Ky. 2012), for four violations related to allegations of misconduct made against a judge and opposing counsel in a case (SCR 3.130–8.2(a)), filing documents on behalf of a non-client (SCR 3.130–3.3(a)), repeatedly contacting the non-client in a harassing manner (SCR 3.130–7.09(2)), and failing to return the unearned portion of a fee (SCR 3.130–1.16(d)); and

4. a private admonition in March 2012 for claiming that two federal judges were "joining the cabal of lawyers against him" in violation of SCR 3.130–8.2(a).

This prior misconduct included a violation of one of the rules that Deters is alleged to have violated again in these cases. In addition to this prior misconduct, the Board considered several other aggravating factors from the ABA's *Standards for Imposing Lawyer Sanctions*, which has been cited favorably by this Court. *See*

8. Six members of the Board had recused, and two members were absent.

*Anderson v. Kentucky Bar Ass'n,* 262 S.W.3d 636, 639 (Ky.2008). Among these factors was Deters's refusal to acknowledge the wrongful nature of his misconduct, the presence of multiple offenses, his substantial experience in the practice of law, and the fact that his conduct included making false statements to a court and not taking remedial action. The Board stated there were no mitigating factors.

After considering all this, in KBA File No. 16037, the Board voted 11 to 1 for a 60–day suspension and to require payment of costs. The Board also considered whether Deters should be given credit for 52 days of suspension that followed the 61–day suspension ordered in *Kentucky Bar Ass'n v. Deters,* 360 S.W.3d 224 (Ky.2012). (The details of how that additional 52–day suspension came about are laid out below.) The Board voted 8 to 4 to require service of the full 60 days without any credit for the previous additional suspension.

In KBA File No. 19366, the Board voted 10 to 2 for a 30–day suspension, to be served concurrently with the suspension in KBA File No. 16037, and to require payment of costs.

Deters has now sought review at this Court under SCR 3.370.

**D. The previous disciplinary case and additional suspension.**

As noted above, Deters was suspended for 61 days beginning in February 2012. His actual time of suspension, however, totaled 113 days. Ordinarily, any suspension less than 180 days "expire[s] by its own terms" if the attorney complies with the terms of the suspension. SCR 3.510(2). But the Office of Bar Counsel may take steps to stop the automatic expiration of such a suspension:

> [A] suspension shall not expire by its own terms if . . . Bar Counsel files with the Inquiry Commission an opposition to

the termination of suspension wherein Bar Counsel details such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character.

SCR 3.510(2). If Bar Counsel does not withdraw the objection within 30 days, then the matter is referred to the Character and Fitness Committee for proceedings under SCR 2.300. *Id.* The case is then reviewed by the Board, whose recommendation is then reviewed by this Court. SCR 3.510(3).

Bar Counsel filed such an objection. *See Deters v. Kentucky Bar Ass'n,* 2012–SC–000344–KB, 2012 WL 2362595, *1 (Ky. June 15, 2012). Apparently, Bar Counsel cited as one of the grounds for its objection the fact that this and one other disciplinary case were pending. The matter went to the Character and Fitness Committee, which concluded that Deters had met the requirements for reinstatement as laid out in SCR 2.300(6) and thus recommended reinstatement, albeit with additional conditions. *Id.* at *1, *2. When the case proceeded to the Board of Governors, it concluded "that [Deters] failed to prove that his conduct while under suspension showed him to be worthy of the trust and confidence of the public or that he appreciated the wrongfulness of his misconduct, was contrite and had rehabilitated himself." *Id.* at *2.

Despite the findings of the Board, this Court granted the reinstatement, concurring instead with the assessment of the Character and Fitness Committee. *Id.* This order was entered June 15, 2012, meaning that Deters had remained suspended 52 days more than the 61 days ordered by this Court.

## II. Analysis

In his brief to this Court, which addresses both disciplinary cases, Deters alleges prejudice in the proceedings; challenges the merits of the counts against him, albeit only half-heartedly; claims he should be given credit for his 52–day additional suspension; and argues that he should not be subject to any additional suspension. We address each in turn.

### A. Procedural prejudice.

■ First, Deters argues that he was prejudiced before the Board by its denial of his request for a court reporter and videographer. This, he argues, means there is no record of the proceeding, which prevents this Court from assessing the demeanor of the Board and Bar Counsel. He also complains that the Board told him in a prior disciplinary matter that a similar request had come too late in that case, and that he was given no reason in this case.

The Court sees no prejudice in this practice as it relates to this Court's review of the matter. When this Court undertakes review of a disciplinary proceeding, whether at the party's urging under SCR 3.370(7) or the Court's own motion under SCR 3.370(8), it is not bound as it would be in a pure appeal. The Court is not required to defer to the findings of fact or conclusions of law of the trial commissioner or the Board. Rather, in disciplinary proceedings, those entities act as administrative agents of this Court to produce a record and a recommendation.

Once this Court undertakes review of a case, it "shall enter such orders or opinion as it deems appropriate on the entire record." SCR 3.370(8). Thus, the demeanor and actions of the Board and Bar Counsel are not relevant. This Court instead decides the case de novo itself based on the record developed below. Any potential unfairness shown by a Board member or by Bar Counsel is alleviated by this Court's independent review of a lawyer's alleged misconduct.

■ Second, Deters argues that he was prejudiced at the Board by its employment of a deputy sheriff as security at its hearing. Again, this Court discerns no prejudice in this practice, for many of the reasons articulated above. But more importantly, the Board's decision to have a security presence is no different than a Court's decision to have a bailiff present during proceedings. It is a common occurrence and evinces no bias against a litigant.

### B. The merits of the charges.

As noted above, Deters also challenges the merits of the charges against him. He does so, however, in a single paragraph arguing that this Court should not give collateral estoppel effect to the decision in the Rule 11 proceeding that led to KBA File No. 16037. In that same paragraph, rather than making an argument on the merits of both cases, he instead refers to the briefs he filed at the Board of Governors, in which he argued that his behavior was at most negligent and there was no proof of intentional or knowing conduct in KBA File No. 16037, and that he did not make false statements in the proceedings leading to KBA File No. 19366. Incorporating an argument by reference rather than making the argument in the brief is, of course, improper. Nevertheless, the Court will address whether Deters's conduct violated the rules as part of its independent review under SCR 3.370.

#### 1. KBA File No 16037.

■ As to his first claim, that the Rule 11 proceedings should be given no collateral estoppel effect, this Court has stated on multiple occasions that the judgment of a court can serve as conclusive proof that conduct occurred. *See, e.g.,*

*Kentucky Bar Ass'n v. Horn,* 4 S.W.3d 135, 137 (Ky.1999). In such cases, however, this Court still decides whether the proven conduct violated an ethical rule. This is an independent judgment in which this Court is not bound by the lower courts. The power to discipline attorneys for professional misconduct is lodged solely with this Court, and not the lower courts. *See* Ky. Const. § 116.

Regardless of any preclusive effect of the lower courts' decision, this Court independently concludes that the evidence as presented in the disciplinary proceeding in KBA File No. 16037 proves the following:

1. That Deters knowingly filed a complaint with false allegations despite knowing of their falsity;

2. That Deters knowingly made false statements in the complaint, amended complaint, and reply to the motion for summary judgment;

3. That Deters violated Civil Rule 11.

Deters's argument that he had no actual knowledge of the falsity of the statements and that he had relied on claims by his client is belied by the fact that he had already been given notice that the LLC was not formed in January 2003 during the mediation-arbitration proceeding, which preceded his filing the complaint in circuit court. Specifically, a copy of the filings with the Secretary of State was given to Deters. His claim not to have read these documents is simply not believable, or is no excuse.

Deters also claims that he discovered and admitted the "mistake" upon the service of a request for admissions approximately 30 to 60 days after the suit was filed. (His response was dated June 14, 2004.) Yet the amended complaint, which came more than 60 days after the initial complaint, reiterated the falsehoods by adopting and incorporating by reference *all* the claims in the original complaint.

Additionally, despite admitting that the LLC was formed in June 2003, the next request for admission—that the agreement was entered into three months before the LLC was formed—was denied, as were several others.

Finally, there is the alleged false statement in the reply to the motion for summary judgment. Here, the Court disagrees that Deters's reply included the type of falsehoods contemplated by the Rules of Professional Conduct. In the reply, Deters had claimed that by naming "Concept Homes" in a third-party complaint, the Huebeners had named Concept Homes LLC and thus had essentially conceded that the LLC was a proper party. While the third-party complaint did not actually name Concept Homes LLC and instead only named "Concept Homes," this Court does not see that as a blatant falsehood, as the circuit court did in the Rule 11 proceeding, that would run afoul of the ethical rules. While Deters's claim may have been a bit obtuse, in that it conflated the defendants' use of "Concept Homes" with "Concept Homes LLC" when the identity of the entity was at the heart of the litigation, this Court cannot say that this behavior violated the ethical rules. Quibbling about the meaning and significance of statements made in pleadings, so long as done in good faith, falls within the scope of legitimate legal strategy.

Finally, Deters was found to have violated Rule 11. This Court agrees that Deters's conduct violated that rule, in that he filed a complaint without a reasonable basis in fact and proceeded only to delay and increase the cost of litigation. This violated Civil Rule 11, which places obligations on all the attorneys in all the courts of this Commonwealth.

This Court also agrees that this conduct, except as noted above, violated the ethical

rules as laid out in the charge, namely, SCR 3.130–3.1, SCR 3.130–3.3(a), and SCR 3.130–3.4(c). Finally, this Court also agrees that a 60–day suspension is warranted by these facts.

### 2. KBA File No. 19366.

 This Court also independently concludes that the evidence as presented in the disciplinary proceeding in KBA File No. 19366 proves that Deters violated SCR 3.130–3.3(a)(1) by making false statements in filings with the Kenton Circuit Court.

While Deters is correct that his prior sanctions—the admonition and reprimand—were private, and therefore confidential under SCR 3.150(1),[9] both sanctions nevertheless occurred. Additionally, at the time of the filings in the circuit court case, Deters had six pending disciplinary cases. These facts make his claim that he "ha[d] not been the subject of any disciplinary action or sanctioned in the past by any of the bars to which he is admitted" literally false.

In later pleadings in the circuit court case, Deters made more accurate statements, such as that he had "never been publicly reprimanded" or "the subject of public disciplinary action." These statements demonstrate that he understood the difference between his initial statements and the true facts of the case.

That Deters enjoyed confidentiality for the disciplinary proceedings at that time did not give him license to lie about them. Confidentiality does not erase a disciplinary process or sanction that has occurred. Confidentiality simply allowed Deters not to disclose that it occurred; it did not give him the right to claim that it did not. He could have stood silent on the subject or qualified his statements to make them true. But Deters's statements did not include any qualification, such as that he has not been publicly disciplined; instead, he made absolute, and therefore false, statements in his pleadings. This violated SCR 3.130–3.3(a)(1).

This Court thus agrees with the Board that Deters's conduct violated the ethical rules as laid out in the charge. Additionally, this Court also agrees that a 30–day suspension is warranted by these facts, and that this suspension should be served concurrently with the suspension in KBA File No. 16037.

### C. Deters is not entitled to credit for the previous 52 days' suspension.

 As Deters himself admits in his brief, his focus is not on whether his conduct violated the rules. Instead, he " 'for the sake of argument' prefers to focus on the punishment issue." He argues that he should be given credit for the additional 52 days he was suspended in his earlier case and that he should be given a "break" and not required to serve the remaining 8 days.

This Court need not address in depth Deters's arguments as to why he should be given credit for the 52 days. The simple fact is that the Supreme Court Rules allow for a suspension of a definite term to be effectively extended when Bar Counsel objects to automatic reinstatement and provides "such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character." SCR 3.510(b).

---

9. "In a discipline matter, prior to a rendition of a finding of a violation of these Rules by the Trial Commissioner or the Board and the recommendation of the imposition of a public sanction, the proceeding is confidential." SCR 3.150(1).

As noted above, the KBA's Office of Bar Counsel objected to Deters's automatic reinstatement for several reasons, including several then-pending disciplinary matters [10] and his possible failure to comply with aspects of this Court's order related to ceasing all advertising, paying costs, etc. While this Court and the Character and Fitness Committee ultimately concluded that Deters should be reinstated, there is no question that Bar Counsel's objection was brought in good faith.

Deters complains that if he is not given credit for the additional suspension, then he will essentially be punished twice for the same behavior, since the disciplinary matters resolved in this opinion were part of Bar Counsel's reason for objecting to his reinstatement. That might be the case if these disciplinary cases were the *only* basis for that objection, but that is not the case here. As noted above, part of the reason Bar Counsel objected was that Deters had not complied completely with this Court's order in the previous disciplinary matter.

Moreover, it has long been the case that a license to practice law "is not an absolute right, but a privilege only." *Commonwealth ex rel. Ward v. Harrington*, 266 Ky. 41, 98 S.W.2d 53, 57 (1936). The privilege is conditioned not just on a lack of wrongdoing but also on the lawyer's proven professional capability and good moral character. And this Court is charged by the Constitution to police the membership of the bar. See Ky. Const. § 116. This the Court does largely by rule. See *id.; see also* SCR 3.010—.530. Our rules specifically contemplate that a lawyer's suspension may extend beyond the time ordered by this Court where Bar

Counsel has reason to believe the lawyer is not currently qualified to practice law.

Deters's 52 days of additional suspension in his previous case was the result of the process laid out in these rules. The suspension he has earned for the misconduct described above is solely the result of this Court's final resolution of the disciplinary proceedings for that misconduct. Deters has received due process from these proceedings. Thus, this Court concludes that Deters is not entitled to credit for any previous suspension and must serve the entire 60 days resulting from this case.

### III. Order

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Eric C. Deters is found guilty of the violations of the Rules of Professional Conduct as described above in KBA File Nos. 16037 and 19366.

(2) Deters is suspended from the practice of law in the Commonwealth of Kentucky for 60 days for his conduct in KBA File No. 16037. He is suspended for 30 days for his conduct in KBA File No. 19366, with this time to be served concurrently with that in KBA File No. 16037. Thus, for these two cases, he is suspended for a total of 60 days.

(3) This order of suspension shall take effect on the tenth day following its entry. As required by SCR 3.390(a), Deters shall promptly take all reasonable steps to protect the interests of his clients, and shall not during the term of suspension accept new clients or collect unearned fees, and

---

10. Though it is not clear from the record, it appears that originally, Deters had nine different disciplinary matters pending at the time. Five of these have since been dismissed, two have gone through the disciplinary process—KBA File Nos. 16037 and 19366—and two are still being processed.

shall comply with the provisions of SCR 3.130–7.50(5).

(4) In accordance with SCR 3.450, Deters is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,677.32 in KBA File No. 16037, and $773.15 in KBA File No. 19366, for a total of $2,450.47, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, KELLER, NOBLE and VENTERS, JJ., concur. SCOTT, J., not sitting.

ENTERED: May 23, 2013.

/s/ John D. Minton, Jr.

