TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0554-KB

CHARLOTTE DARLENE JOHNSON                                    MOVANT

V.                               IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                  RESPONDENT

## OPINION AND ORDER

This case is before the Court upon Charlotte Johnson's Motion for Consensual Discipline pursuant to SCR 3.480(2). Johnson has been charged with ten separate violations stemming from one case. She asks this Court to impose discipline for five of those violations and dismissal of the other five. She requests a sixty-day suspension from the practice of law, thirty days to be probated, along with a period of two-years' probation and payment of costs. The KBA has filed a response in support. We conclude the proposed sanction is consistent with prior discipline and, considering the mitigating factors in this case, that imposition of the proposed sanction is appropriate.

## I.      Facts

In 2015, Jeffrey and Ida Taulbee began a Chapter 13 bankruptcy proceeding. The bankruptcy was confirmed in 2016. In 2018, the Taulbees' were unable to make further payments according to the plan. The Trustee moved to dismiss their case in bankruptcy court and Johnson was retained as

counsel on their behalf. It seems Mrs. Taulbee was the main correspondent with Johnson so we will refer to her specifically when appropriate.

Per discussions with Mrs. Taulbee, it was agreed that Johnson would file a notice to convert the bankruptcy to a Chapter 7 proceeding. In December 2018, however, Johnson filed a motion to place the Taulbees' under probation in the original Chapter 13 case. An order to that effect was entered later that same month. Johnson admits this conduct violated SCR 3.130(1.2)[1] under Count 2. Because of the Taulbees' continued inability to make payments, their Chapter 13 case was dismissed on January 29, 2019. Johnson admits her failure to properly file a motion to convert the bankruptcy to a Chapter 7 proceeding as agreed by her clients; failure to inform the bankruptcy court of her acceptance of a $500.00 fee; and failure to timely file a motion to vacate or set aside the order of dismissal.

An order closing the bankruptcy case was entered on April 3, 2019. Johnson filed a motion to reopen the case to allow for Chapter 7 conversion. The court granted the motion but commanded the notice for conversion be filed within fourteen days, or the case would be closed again. Johnson failed to abide by this order. On May 14, 2019, the bankruptcy court again allowed fourteen days for a proper notice of conversion to be filed, which Johnson did file that same day, only to have it overruled the very next day because Johnson

---

[1] "[A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

2

failed to properly file a motion to set aside the dismissal of the case.[2] The court allowed fourteen days to set aside the dismissal. Johnson again failed to file the appropriate motion. The case was closed on June 3, 2019. Johnson admits her conduct violated SCR 3.130(1.1)[3] under Count 1 and SCR 3.130(1.3)[4] under Count 3.

In July 2019, Johnson was the subject of agreed sanctions within the bankruptcy court in a separate case. While admitting no wrongdoing, she agreed that she would no longer practice in the bankruptcy court of the Eastern District of Kentucky, and therefore would cease representation in any active cases. Johnson represents in her motion that the Taulbee case was, by July 2019, closed and not active, therefore, she did not need to seek court approval to withdraw from the case. Johnson acknowledges she understood she could no longer represent bankruptcy clients or file pleadings. But when Mrs. Taulbee came to her for assistance in August and October 2019, Johnson agreed to assist her and help her find new counsel. In fact, Johnson filed a

---

[2] Our factual recitation is dependent upon Johnson's representation of the facts in her motion, and this particular episode is somewhat confusing for those unfamiliar with bankruptcy law. "Dismissal and closure of a bankruptcy case are two distinct events." 9E Am. Jur. 2d *Bankruptcy* § 3669 (2024). Additionally, "the dismissal of a bankruptcy case does not coincide with the termination of all proceedings therein . . . ." *Id.*

[3] "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[4] "A lawyer shall act with reasonable diligence and promptness in representing a client."

motion to set aside the dismissal, reopen the case, set aside the filing fee, and allow thirty days for new counsel to be obtained on August 30, 2019. That motion was denied on September 3, 2019, because of failure to pay the filing fee. Johnson then contacted the clerk of the bankruptcy court to explain that the filing fee had previously been paid back in April.

After a series of miscommunications between Johnson and the new lawyer for the Taulbees, as well as repeated communications sent by the bankruptcy court to Johnson that she failed to monitor due to her cessation of bankruptcy practice, Johnson was eventually sanctioned with permanent disbarment for violations of various statutes and rules. *In re Taulbee*, No. 15-52073, 2020 WL 1671551, at *7 (Bankr. E.D. Ky. Apr. 2), *rev'd and remanded sub nom, Johnson v Burden (In Re Taulbee),* No. 5:20-162-DCR, 2020 WL 5521045 (E.D. Ky. Sept. 14, 2020). The district court reversed the sanction of permanent disbarment for lack of due process, as the bankruptcy court failed to provide notice to Johnson of the statutes and rules it believed she had violated, or that permanent disbarment was a contemplated sanction for said violations. *Johnson*, 2020 WL 5521045, at *3. Johnson notes in her brief, however, and we have confirmed, that the District Court did not reverse the factual findings of the bankruptcy court. *Id.* at *2. The statutory and rules violations form the nucleus of Count 9 against Johnson in the present action which she requests be dismissed.

An Agreed Order was eventually entered in December 2020 by the bankruptcy court, imposing no new discipline but instead acknowledging the

4

KBA and this Court are more appropriate for that issue. It clarified language in the previous agreed order under which Johnson had agreed to cease her bankruptcy practice and directed the clerk of the bankruptcy court to cease sending communications to Johnson. This concludes the underlying factual scenario in this case, but more facts will be addressed in the specific counts detailed below.

The Inquiry Commission opened an investigation into Johnson stemming from the rulings of the bankruptcy court and district court for the Eastern District of Kentucky. That investigation resulted in ten separate counts against Johnson. Counts 1, 2, and 3 have been noted and detailed already.

Count 4 charges a violation of SCR 1.130(1.16)(a)(2) for failing to withdraw as counsel. Johnson has argued as mitigating factors that during her representation in the Taulbee case her mother was sick and dying, and she was the sole caregiver. Johnson's mother did in fact pass away during the pendency of the case. Johnson now argues that these mitigating factors did not materially impair her ability to practice law to such a degree that she violated SCR 1.130(1.16) by failing to withdraw as counsel and requests dismissal of this Count.

Count 5 charges a violation of SCR 1.130(1.16)(c) for failing to request to withdraw from the Taulbee case with the bankruptcy court. Johnson argues the Taulbee case was inactive by the time the July Agreed Order was entered. She requests dismissal of this Count.

Count 6 charges a violation of SCR 1.130(1.16) for failing to take proper steps to protect the interests of her client upon termination of representation. Count 7 charges a violation of SCR 1.130(3.1) for bringing a proceeding she knew was without basis in law or fact. This latter charge stems from her filing the original Chapter 13 probation order in December 2018, instead of the notice of conversion to a Chapter 7 proceeding. Johnson admits she knew the Taulbees' could not perform under this probation order, and the bankruptcy court also made a finding of fact to that effect. Johnson also admits her conduct violated Count 6.

Count 8 charges a violation of SCR 1.130(3.3)(a)(1) for knowingly misrepresenting to the bankruptcy court she could not appear at a show cause hearing on November 7, 2019. Johnson had her lawyer represent to the court that she had a scheduling conflict with a hearing in Perry County. This was not true. Johnson would later explain to the bankruptcy court that this was a result of her misreading her calendar. She requests dismissal of this Count.

Count 9 charges violations of SCR 1.130(3.4)(c) for knowingly violating the rules of a tribunal. Johnson cites the district court's ruling that the bankruptcy court's action in charging her with violations of various statutes and rules violated due process for lack of notice. She contends this disposition is controlling upon this Court and precludes reliance upon the bankruptcy court's order to find a violation of this charge. She requests dismissal.

Finally, Count 10 charges a violation of SCR 1.130(4.1)(a) for knowingly making a false statements to her attorney regarding the failure to appear at the

show cause hearing discussed for Count 8. Johnson contends this was not a knowingly false misrepresentation but an inadvertent mistake, and that she appeared subsequently before the bankruptcy court to explain her actions. She requests dismissal of this count.

## II. Analysis

> The issue in a consensual discipline case generally is the appropriate discipline to be imposed under the circumstances. Factors relevant to the appropriate level of sanction are taken into consideration, such as the nature and severity of the offense(s), the need for deterring other members of the bar from engaging in similar behavior, the maintenance of the reputation of the bar as a whole, the protection of the public, the attitude of the offender generally, and the offender's present or future fitness to continue in the practice of law.

*Pepper v. Kentucky Bar Ass'n*, 632 S.W.3d 312, 318 (Ky. 2021). Every case of consensual discipline is considered under its own peculiar facts; however, we are mindful that discipline in any one case should be "comparable to discipline imposed for similar conduct" in other cases. *Id.* at 319. We also look to aggravating and mitigating circumstances under Rule 9 of the American Bar Assocation's *Standards for Imposing Bar Sanctions. Kentucky Bar Ass'n v. Hogan*, 677 S.W.3d 436, 442 (Ky. 2023).[5] The KBA has not argued that any

---

[5] "Mitigating factors include: (a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith effort to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) mental disability or chemical dependency including alcoholism or drug abuse when: (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability; (2) the chemical dependency or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely; (j) delay in disciplinary proceedings; (k) imposition of other

aggravating circumstances are present in Johnson's case. When confronted with a motion for consensual discipline, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2).

Because of Johnson's mitigating circumstance as the sole caregiver to her ailing and now-deceased mother and the lack of any dishonest or selfish motives in the infractions she has admitted or been alleged to have committed, we conclude dismissal of Counts 4 and 5 is warranted. These mitigating factors are also applicable to our acceptance of the proposed sanctions.

As to counts 8, 9, and 10, we conclude that Johnson's agreed sanction within the bankruptcy court to cease practicing bankruptcy law in the Eastern District of Kentucky is a prior sanction that sufficiently punishes her for her misrepresentation in that court. *Hogan*, 677 S.W.3d at 443 n.39. The above-mentioned mitigating factors are also applicable to our conclusion to dismiss these counts.

As for Count 1, violation of SCR 3.130(1.1) for Johnson's several failures to file the appropriate motions to convert the Taulbee case to Chapter 7 bankruptcy; Count 2, violation of SCR 3.130(1.2) for Johnson's failure to abide by the agreed objective of her representation; and Count 3, violation of SCR 3.130(1.3), for failure to exercise reasonable diligence in complying with the bankruptcy court's orders, we agree this case comports with that of *Gardner v.*

penalties or sanctions; (l) remorse; and (m) remoteness of prior offenses." *Id.* at 443 n.39.

*Kentucky Bar Ass'n*, 365 S.W.3d 925 (Ky. 2012). In that case, Gardner had failed to make the necessary expert disclosures essential for his client's case. *Id.* at 926. On the morning of trial, Gardner moved for dismissal without informing his client he intended to seek dismissal. *Id.* He then failed to object when the defense requested the dismissal be with prejudice and failed to file a motion seeking to correct the trial court's order which stated the plaintiff had moved to dismiss with prejudice. *Id.* On appeal, Gardner failed to file his brief on time, or to file the appropriate motion for extension or dismissal as ordered by the Court of Appeals. *Id.* He failed to keep his client informed of the status of his case while on appeal. *Id.* He was then ordered to show cause why he should not be fined for failing to comply with said orders, which he did not inform his client about. *Id.* Finally, Gardner moved to dismiss the appeal, again without informing his client. *Id.* The Court of Appeals granted that motion and ordered Gardner to inform his client within ten days, which he failed to do. *Id.* When Gardner finally did inform his client, he implied the dismissal of the appeal was a ruling on the merits, rather than a result of his own failures. *Id.* at 926-27. We imposed a thirty-day suspended sanction, suspended for sixty days, as well as $3,000 in restitution. *Id.* at 927.

As to Count 6, violation of SCR 1.130(1.16) for failure to take reasonable steps to protect her clients, we agree this case comports with *Shields v. Kentucky Bar Ass'n*, 583 S.W.3d 421 (Ky. 2019). In that case, Shields was hired to represent his client in a criminal matter, and a condition of her bond was that she maintain regular contact with her attorney. *Id.* at 421. Less than

9

a week before her trial was set to begin, Shields told his client to contact him and let him know about her decision regarding a plea offer. *Id.* at 422. His client did not contact him, nor did he attempt to contact her. *Id.* The next day he filed a motion to withdraw based on his client's "failure" to maintain regular contact with him. *Id.* This resulted in his client being arrested and held in custody for two months. *Id.* He did not inform his client that he had sought withdrawal as her attorney. *Id.* We imposed a sanction of thirty days to be probated for one year, among other things. *Id.* at 424.

Finally, as to Count 7, violation of SCR 1.130(3.1) for bringing a claim she knew was without basis in fact, we agree this case comports with our ruling in *Kentucky Bar Ass'n v. Deters*, 406 S.W.3d 812 (Ky. 2013). In that case, Deters had brought a civil claim in which he knowingly made false statements in the complaint, amended complaint, and reply to the motion for summary judgment, as well as being found by the trial court to have violated CR[6] 11. *Id.* at 820. In a separate disciplinary case, he was also found to have made knowingly false statements in several court filings. *Id.* at 821. We imposed a sanction of sixty days suspension for the first case, and a concurrent thirty-day suspension in the second case.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Charlotte Darlene Johnson is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, for a period of sixty days, thirty days to be probated and

---

[6] Kentucky Civil Rules of Procedure.

10

thirty days to serve, with a further probation period of two years in which Charlotte Johnson shall not receive any new disciplinary charges;

(2) Charlotte Darlene Johnson shall pay the costs of this proceeding, pursuant to SCR 3.450, certified by the Executive Director in the amount of $147.56, for which execution shall issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 15, 2024.

_____
CHIEF JUSTICE LAURANCE B. VANMETER

11