Eric C. DETERS, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2012–SC–000344–KB.

Supreme Court of Kentucky.

June 15, 2012.

## OPINION AND ORDER REINSTATING

Eric C. Deters, KBA Member No. 81812 of Kenton County, Kentucky, was admitted to practice law in Kentucky in 1986. This Court suspended Movant from the practice of law for a period of sixty-one (61) days, effective February 23, 2012. Pursuant to SCR 3.510 he has now applied for reinstatement. The Character and Fitness Committee of the Kentucky Office of Bar Admissions (the Committee) has recommended approval of the application for reinstatement of Eric C. Deters. The Board of Governors of the Kentucky Bar Association (the Board) has recommended disapproval of the application for reinstatement.

This Court's order of suspension, entered February 23, 2012, found Movant guilty of violating SCR 3.130–8.2(a), SCR 3.130–3.3(a), SCR 3.130–7.09(2), and SCR 3.130–1.16(d), and ordered as follows:

(1) For these violations, Deters is hereby suspended from the practice of law for sixty-one days and required to attend the entire KBA Ethics and Professionalism Enhancement Program (EPEP), which is anticipated to be seven hours, within one year of the date of this Order;

(2) Deters will not apply for Continuing Legal Education credit of any kind for his attendance at the EPEP. He will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes his remedial education, in order to allow the Office of Bar Counsel to verify that he has not reported any hours to the CLE Commission that are to be taken as remedial education.

(3) Pursuant to SCR 3.390, Deters shall, within ten days from the entry of this Opinion and Order, notify all clients with Kentucky cases in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the KBA. Furthermore, to the extent possible and necessary, Deters shall immediately cancel and cease any advertising activities in which he is engaged;

(4) In accordance with SCR 3.450, Deters shall pay costs associated with these proceedings in the amount of $1,834.02, for which execution may issue from this Court upon finality of this Order.

On March 5, 2012, the Office of Bar Counsel, filed an Objection to Movant's automatic reinstatement pursuant to SCR 3.510(2). Since Bar Counsel did not withdraw its Objection within thirty (30) days, the matter proceeded to the Committee, pursuant to SCR 3.510(2), after Movant filed his application for reinstatement on April 23, 2012.

On May 15, 2012, the Committee conducted a hearing on Movant's application for reinstatement. On May 21, 2012, the Committee filed its Findings of Fact, Conclusions of Law, and Recommendation, recommending that Movant be reinstated conditioned on (1) obtaining anger man-

agement counseling, (2) filing an Affidavit of Compliance as required by SCR 3.510(2), and (3) promptly notifying the KBA of any reciprocal discipline imposed by Florida or Ohio.

Pursuant to SCR 3.510(3), the Board of Governors of the Kentucky Bar Association then reviewed the record and report of the Character and Fitness Committee, and on June 13, 2012 filed its recommendation of disapproval of Movant's application for reinstatement.

This Court notes that both the Committee and the Board have reviewed the evidence presented and both have found that Eric Deters has met the requirements of SCR 2.300(6)(a), (c) and (d). The Committee found overall compliance with SCR 2.300(6) and recommended approval of his reinstatement, with conditions. However, the Board held that Movant failed to prove that his conduct while under suspension showed him to be worthy of the trust and confidence of the public or that he appreciated the wrongfulness of his misconduct, was contrite and had rehabilitated himself. SCR 2.300(6)(b) and (e).

While this Court is mindful of the findings of the Board regarding Movant's behavior, we concur with the recommendation of the Committee for approval of Eric C. Deters' application for reinstatement. Mr. Deters seeks reinstatement herein from this Court's imposition of a sixty-one (61) day suspension from the practice of law. His application for reinstatement has been timely addressed by both the Committee and the Board. Any other pending disciplinary charges against Mr. Deters will be considered when promptly processed according to the Rules and presented to this Court.

Accordingly, it is ORDERED that Eric C. Deters, KBA Member No. 81812, is hereby reinstated to the practice of law in this Commonwealth as of the date of this order. It is further ordered that:

(1) Movant shall pay the costs incurred by the Character and Fitness Committee, said costs being in the amount of $338.80.

(2) Movant shall promptly notify the Bar Counsel of the Kentucky Bar Association of any reciprocal discipline imposed by Florida.

(3) Movant shall request from the Director of the Kentucky Lawyer Assistance Program the name of one or more reputable Anger Management Therapists or Counselors. Deters shall schedule and attend the number of anger management counseling sessions recommended by the therapist/counselor he selects from the individuals referred to him by KYLAP within a reasonable time.

(4) Movant shall provide the Committee with a letter from the provider describing the initial assessment and the extent of any additional counseling required.

(5) Within ten (10) days of the date of the entry of this Opinion and Order, The Kentucky Bar Association shall provide a more detailed statement of costs to this Court and Movant shall then pay the necessary costs incurred by the KBA once determined by this Court.

All sitting. All concur.

ENTERED: June 15, 2012.

/s/ John D. Minton Jr.
    Chief Justice