TO BE PUBLISHED

# Supreme Court of Kentucky

### 2015-SC-000023-KB
### AND
### 2015-SC-000025-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

ERIC C. DETERS                                             RESPONDENT

## OPINION AND ORDER

In two now-consolidated disciplinary actions, the Kentucky Bar Association Board of Governors found Eric C. Deters[1] guilty of a number of ethical violations and recommended he be suspended thirty days for each. Deters petitions this Court to strike the Board's Findings of Fact, Conclusions of Law, and Recommendation because the Board failed to provide its findings to this Court within the time specified under Supreme Court Rules (SCR) 3.370(6). We now deny Deters's petition and adopt the Board's recommended thirty-day suspension for each action, to run consecutively.

---

[1] Admitted to practice law in Kentucky on October 10, 1986; KBA Member No. 81812; Bar roster address: 5247 Madison Pike, Independence, KY 41051.

## I. KBA FILE NO. 19343.

In 2006, Deters filed a civil complaint in Kenton Circuit Court.[2] The complaint involved the alleged violation of an individual's rights by the Kenton County Jail. Initially, Deters named only the Kenton County Jailer in his official capacity as a defendant in the action. Deters eventually filed an amended complaint, including the Jailer in his individual capacity and the County Judge-Executive and County Commissioners in their respective individual capacities. At the time of this amended complaint, the evidence indicated the County Judge-Executive and County Commissioners had no direct personal involvement with the plaintiff, Deters's client, under the circumstances giving rise to the complaint. In addition, Deters's amended complaint included "Unknown Kenton County Jail Medical Personnel" and "Unknown Deputy Jailers" as defendants.

The County Judge-Executive and County Commissioners were dismissed by summary judgment because, according to the trial court, there was "absolutely no basis in law or in fact to support the claims." The "unknown" defendants were especially curious because Deters's client "testified in his deposition that he had given the names of the individuals whom he believed to have violated his rights to his attorney 'in the beginning.'" Deters finally attempted to file a second amended complaint naming additional parties; but the trial court summarily rejected it because the statute of limitations had

---

[2] While not important for the purposes of the instant action, the case serving as the basis for Deters's discipline was *Chandler v. Carl*, Kenton Circuit Court Civil Action No. 06-CI-03311.

2

expired and, considering that Deters was attempting to substitute a named defendant for an unnamed defendant, the amended complaint was not within the relation-back rule.

Ultimately, the trial court found that Deters's complaints were not "well grounded in fact nor were they warranted by existing law." Specifically, the naming of improper parties was found unreasonable under the circumstances. So, in the trial court's view, the complaints were signed in violation of Kentucky Rules of Civil Procedure (CR) 11. And the trial court ordered Deters to pay $29,381.41 for the opposing party's attorneys' fees. The trial court's order was entered November 22, 2010, nearly four years after the initial complaint was filed in the matter.

The Inquiry Commission issued a two-count Charge against Deters for his conduct associated with the frivolous or unsubstantiated filings. The Charge alleged violations of SCR 3.130(3.1)[3] and 3.130(3.4)(c).[4] The matter was referred to a trial commissioner, who found Deters guilty of both counts and recommended a thirty-day·suspension. Deters appealed the determination

---

[3] SCR 3.130(3.1) reads, "A lawyer shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established."

[4] SCR 3.130(3.4)(c) reads, "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

3

to the Board.  The Board likewise found Deters guilty of both counts and recommended a thirty-day suspension.

## II.  KBA FILE NO. 19711.

In April 2011, Deters was sanctioned by the U. S. District Court for the Eastern District of Kentucky.  The district judge found that Deters "knowingly and vexatiously" multiplied the proceedings and, consequently, under the authority of 28 U.S.C. § 1927,[5] ordered Deters to pay the costs incurred by the opposing parties in defending the case.  More specifically, the district judge found Deters "knowingly pursued frivolous claims against these two defendants long after he knew the claims to be such, thereby causing defendants to incur additional litigation costs."  In the end, the district judge ordered Deters to pay $12,765.45.

Deters appealed the district judge's determination to the U. S. Sixth Circuit Court of Appeals.  Finding no abuse of discretion, the Sixth Circuit upheld the district judge's sanction.  The Sixth Circuit noted that Deters ignored existing law and failed to allege any facts against the defendants that would have entitled his client to relief.  Furthermore, Deters failed to allege any facts that, even arguably, could have served as grounds for extending or modifying existing law.  The defendants filed a motion seeking sanctions,

---

[5] 28 U.S.C. § 1927 reads, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

4

alleging that the appeal was frivolous, as well. The Sixth Circuit agreed and ordered Deters to pay attorneys' fees and costs relating to the appeal.

The Inquiry Commission again issued a two-count Charge against Deters; and, again, the Charge alleged violations of SCR 3.130(3.1) and 3.130(3.4)(c). The trial commissioner found Deters guilty of both counts and recommended a thirty-day suspension from the practice of law. The Board adopted the findings of the trial commissioner and likewise recommended a thirty-day suspension.

### III. ANALYSIS.

### A. We will not Strike the Board's Findings.

Deters argues the Board's findings should be stricken because the Board failed to issue its findings within the time required by our rules. The Board held a hearing and determined Deters's guilt on November 21, 2014. Under SCR 3.370(6), "[t]he Board shall issue a written decision within forty five (45) days of voting on the cases." By Deters's estimation then, the Board's findings should have been issued January 5, 2015. The findings, however, were not issued until January 14, 2015. From our understanding of Deters's argument, it seems he views the Board's delayed filing as somewhat inadvertent. Deters filed a lawsuit on January 5, 2015, challenging the constitutionality of SCR 3.150(2); and he posits that lawsuit jogged the Board into the realization that its findings had not yet been issued.

5

This argument is not a new approach by Deters. Three years ago, he made the identical argument in *Kentucky Bar Ass'n v. Deters*.[6] That case transpired under the former version of SCR 3.370(6), which gave the Board thirty days from the date of its hearing to issue its findings to this Court. The Board missed its deadline, and we acknowledged as much but refused Deters's attempt to dismiss his disciplinary action because he was unable to show any degree of prejudice resulting from the Board's tardiness. In reaching that conclusion, we relied upon *Kentucky Bar Ass'n v. Baker*,[7] involving a trial commissioner's report filed three-and-one-half months late. We disciplined Baker despite the trial commissioner's delay, and we disciplined Deters previously despite the Board's delay—both times because the attorney subject to discipline was unable to show any prejudice.

We again acknowledge that the Board missed its deadline—a deadline that has been extended since our last encounter with this issue. But Deters's instant claim fails again because beyond his frustration with the Board's "ignor[ing]" our rules, he demonstrates no prejudice.

We are left to wonder what Deters desires to achieve by striking the Board's findings. Even if we were to grant Deters's motion and strike the Board's findings, the trial commissioner's findings and report would remain within the record. And the trial commissioner found Deters guilty with a recommended suspension of thirty days for each KBA file currently under

---

[6] 360 S.W.3d 224 (Ky. 2012).
[7] 889 S.W.2d 779 (Ky. 1994).

6

review. Striking the Board's findings would have little impact on our review of Deters's conduct.

Alternatively to striking the Board's findings, Deters requests we order his thirty-day suspensions, as recommended by the Board and trial commissioner, run from the date of the Board's vote—November 21, 2014. Simply put, this request is completely afield of any cognizable legal concept. The Board's vote, while perhaps serving as a factor in our ultimate decision, is nonbinding on this Court. This Court possesses "the sole authority to admit and discipline attorneys."[8] In light of that axiomatic principle, it makes no sense for Deters's suspension to run from the date the Board voted on his punishment because that vote was nothing more than advisory for this Court.

## B. Deters is Guilty of all Counts.

Throughout the lower proceedings, Deters has admitted to the factual recitation of his conduct but denied that his conduct constitutes a violation of the rules cited in both Charges at issue. Before this Court, Deters puts up little defense to his guilt. Instead, Deters is singularly focused on the Board's filing delay. The evidence of Deters's misconduct is rather clear, though.

The respective trial courts issued detailed findings regarding Deters's frivolous complaints and the convoluted, nearly subversive manner in which Deters managed the claims. The Kenton Circuit Court found Deters violated CR 11, which we have previously found to be sufficient for discipline.[9] In

---

[8] *See, e.g., Grigsby v. Kentucky Bar Ass'n,* 181 S.W.3d 40, 42 (Ky. 2005).

[9] *See, e.g., Trainor v. Kentucky Bar Ass'n,* 311 S.W.3d 719 (Ky. 2010); *Turner v. Kentucky Bar Ass'n,* 955 S.W.2d 926 (Ky. 1997).

*Kentucky Bar Ass'n v. Blum*,[10] we attempted to provide clarification about the scope of SCR 3.130-3.4(c). In doing so, we noted that violating a rule of civil procedure has qualified as disciplinable conduct in past cases.[11] The evidence is uncontroverted; the KBA presented sufficient evidence to find Deters guilty of violating SCR 3.130(3.4)(c) in KBA File No. 19343.

Likewise, the Kenton Circuit Court found Deters's claims were entirely frivolous. We need not repeat the trial court's findings, but we find them sufficient to support a violation of SCR 3.130(3.1). This is especially true in light of the trial court's conclusion: "The Court finds that none of these complaints were well grounded in fact nor were they warranted by existing law, and that the filing of these complaints naming the improper parties was not reasonable under the circumstances . . . ." The KBA has sufficiently proven Deters guilty of violating SCR 3.130(3.1) in KBA File No. 19343.

As for KBA File No. 19711, there can be little doubt that Deters violated SCR 3.130(3.1). In affirming the federal district judge's decision to sanction Deters, the Sixth Circuit noted: "Despite this existing law, Deters did not allege any facts against appellees that would entitle [Deters's client] to relief, and he did not allege any facts that could arguably extend or modify existing law." Deters does not deny this conduct; and, in the end, it is clear Deters asserted a claim that had no "basis in law and fact for doing so that is not frivolous" and

---

[10] 404 S.W.3d 841 (Ky. 2013).

[11] 404 S.W.3d at 848.

8

did not make "a good faith argument for an extension, modification or reversal of existing law."[12]

In sanctioning Deters, the federal district judge mentioned Deters's failure to perform a pre-filing investigation as required by Federal Rules of Civil Procedure (FRCP) 11 and Deters's improper use of FRCP 27 as indicia of vexatious practice. Deters's conduct with regard to these rules was expanded upon in the federal district judge's later order denying Deters's motion to vacate the order imposing sanctions on him. More specifically, the federal district judge found Deters, in direct violation of FRCP 11, "presented an affidavit for an 'improper purpose,' namely to pursue a personal vendetta against persons having nothing to do with this case." The federal district judge, furthermore, noted Deters "failed to make 'an inquiry reasonable under the circumstances' of the role that the prosecutorial defendants played in the prosecution of the plaintiff." Finally, the federal district judge dispelled Deters's notion that he was attempting to modify existing law by indicating Deters proffered no suitable research to support a modification to existing law. In total, the evidence is overwhelming that Deters violated SCR 3.130(3.4)(c) in KBA File No. 19711.

## C. Suspension is Appropriate Punishment.

As for Deters's punishment, both the Board and the Trial Commissioner recommended consecutive thirty-day suspensions for the disciplinary violations at issue in these cases. We can appreciate why suspensions were

---

[12] SCR 3.130(3.1).

recommended; and given Deters's past record before this Court, we feel a thirty-day suspension for each violation is appropriate.[13]

Deters has been before this Court several times. In 2012, we suspended Deters for sixty-one days for various violations stemming from his aggressive litigation strategy that exceeded the boundaries of professional conduct.[14] We also required Deters to attend remedial ethics training in 2012. A year later, Deters was before this Court again. In that case, we suspended Deters for a total of sixty days as a result of a CR 11 violation and a false statement before a tribunal.[15] We would be remiss if we did not mention Deters's lengthy disciplinary history—the vast majority of which is a direct result of his aggressive litigation strategy or conduct similar to the conduct at issue here.[16]

Undeniably, Deters's litigation tactics are unacceptable professionally and, given his disciplinary history, prohibited by our conduct rules. Despite several disciplinary actions before this Court and various levels of punishment, it appears Deters is undeterred. In light of this, we feel that consecutive thirty-day suspensions for each of the instant disciplinary actions are warranted.

---

[13] We should note that Deters claims to be attempting to retire from the practice of law, albeit via an improper method. Deters mailed a letter to the KBA President regarding his retirement from the bar. As the KBA points out in its brief before this Court, this is not, of course, the proper method for retiring from the bar. SCR 3.480 details the procedure for withdrawing from bar membership. Of course, an attorney facing disciplinary charges may not withdraw from membership while those disciplinary proceedings are pending. See SCR 3.480(1).

[14] Deters, 360 S.W.3d 224.

[15] Kentucky Bar Ass'n v. Deters, 406 S.W.3d 812 (Ky. 2013).

[16] See Deters, 406 S.W.3d at 817.

## IV. ORDER.

For the foregoing reasons, the Court ORDERS:

1) Eric C. Deters, KBA Member No. 81812, is guilty of all charges alleged in KBA File Nos. 19343 and 19711;

2) Deters will be suspended from the practice of law for a period of thirty days for violations of SCR 3.130(3.1) and SCR 3.130(3.4)(c) in KBA File No. 19343, and Deters will be suspended from the practice of law for a period of thirty days for violations of SCR 3.130(3.1) and SCR 3.130(3.4)(c) in KBA File No. 19711;

3) Deters's suspensions will run consecutively; and

4) Under SCR 3.450, Deters is ordered to pay all costs associated with this disciplinary proceeding, in the total amount of $2,233.00, for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: May 14, 2015.

_____
CHIEF JUSTICE

11