NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0231n.06
Case No. 15-6055

FILED
Apr 28, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ERIC C. DETERS,

    Plaintiff-Appellant,

        v.

KENTUCKY BAR ASSOCIATION,
LINDA GOSNELL, JAY GARRETT,
SARAH COKER, THOMAS GLOVER,
and STEVE PULLIAM,

    Defendants-Appellees.

)
)
)
) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
) EASTERN DISTRICT OF KENTUCKY
)
)
)
)

---

**BEFORE: KETHLEDGE and WHITE, Circuit Judges; COHN, District Judge.**[*]

**COHN, District Judge.** This is a 42 U.S.C. § 1983 attorney suspension case. Plaintiff/Appellant Eric C. Deters ("Deters") appeals from the district court's grant of Defendants/Appellees' the Kentucky Bar Association ("KBA")[1], Linda Gosnell, Jay Garrett, Sarah Coker, Thomas Glover, and Steve Pulliam (collectively "Appellees") motion to dismiss and denial of Deters' motion for preliminary injunction.

Deters is an attorney who was previously licensed in Kentucky, Ohio, and Florida. Since 2012, Deters has been suspended from the practice of law on multiple occasions for violations of

---

[*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] The Kentucky Bar Association (KBA) and its Office of Bar Counsel are responsible for the first two steps of a three-step disciplinary process for Kentucky lawyers. SCR 3.025. The Board of Governors of the KBA, as an arm of the Supreme Court, also acts to enforce the Rules of the Court, including the Kentucky Rules of Professional Conduct. SCR 3.070.

the Kentucky Rules of Professional Conduct, including several instances of dishonesty. As will be discussed below, Deters has unsuccessfully challenged the disciplinary process multiple times in both state and federal court.

Deters presents two issues in the current appeal. First, whether the district court erred by granting Appellees' motion to dismiss on his claim for declaratory judgment that he was denied due process by SCR 3.510(2), which prescribes the procedure by which an attorney suspended for professional misconduct may be reinstated. Second, whether the district court erred by granting Appellees' motion to dismiss on Deters' claim for a declaratory judgment that SCR 3.160(4), which provides Bar Counsel absolute immunity from damages caused by a disciplinary investigation, is unconstitutional. We hold that there was no error. Therefore, we AFFIRM.

## I. BACKGROUND

Because Deters has been the subject of several disciplinary actions by the KBA and he himself has brought multiple actions against the KBA challenging the constitutionality of the disciplinary process, a detailed procedural history is in order.

### A. KBA Disciplinary Actions against Deters

#### 1.

In February 2012, the Kentucky Supreme Court suspended Deters for 61 days and ordered him to complete remedial ethics training. *Ky. Bar Ass'n v. Deters*, 360 S.W.3d 224, 226 (Ky. 2012)("*Deters 2012*"). The suspension was based on a finding that Deters was guilty of four charges of misconduct occurring primarily in 2007 and 2008.[2] *Id*. at 227-30. In assessing the punishment to be imposed, the Supreme Court noted Deters "had received prior discipline," was "guilty of violating four ethics rules stemming from three KBA files," and "not only refused

---

[2] The Kentucky Supreme Court agreed with the KBA's finding that Deters violated SCR 3.130-8.2(a), SCR 3.130-3.3(a), SCR 3.130-7.09(2), and SCR 3.130-1.16(d).

to acknowledge the wrongful nature of his conduct, *but also refused to acknowledge that he committed the conduct*" despite a transcript evidencing the statements. *Id*. at 233, 233 n.26 (emphasis in original). As a result of the Kentucky suspension, Deters was also suspended from practicing law in Ohio and Florida.

On March 5, 2012, Bar Counsel objected to Deters' automatic reinstatement pursuant to SCR 3.510(2). As a result, Deters had to apply for reinstatement and attend a hearing before the Character and Fitness Committee. *Deters v. Ky. Bar Ass'n*, 408 S.W.3d 71 (Ky. 2012). Although the Kentucky Supreme Court ultimately reinstated Deters, due to Bar Counsel's objection, he served 52 more days than the initial 61-day suspension.

2.

The following year, the Kentucky Supreme Court resolved two KBA disciplinary files against Deters, finding that he violated three Kentucky Rules of Professional Conduct, including two violations of the same rule.[3] *Ky. Bar Ass'n v. Deters,* 406 S.W.3d 812, 820-21 (Ky. 2013), *cert. denied*, 134 S. Ct. 965 (2014)("*Deters 2013*"). The Supreme Court again suspended Deters from the practice of law in Kentucky for 60 days for his conduct in one disciplinary file and 30 days for his conduct in the other, with the suspensions to be served concurrently. *Id*. at 822. In its order, the Supreme Court determined that Deters was not entitled to credit for the 52-day additional suspension resulting from *Deters 2012* because his suspension was extended pursuant to the Supreme Court Rules and he had been accorded due process in both the 2012 and 2013 suspension proceedings. *Id*.

Just as had happened with his first suspension, Bar Counsel objected to Deters' automatic reinstatement. Bar Counsel argued that Deters did not possess sufficient professional capabilities

---

[3] The Kentucky Supreme Court determined that in KBA File No. 16037 Deters violated SCR 3.130-3.1, SCR 3.130-3.3(a), and SCR 3.130-3.4(c). Next, The Supreme Court determined that in KBA File No. 19366 Deters again violated SCR 3.130-3.3(a).

and qualifications to properly serve the public as a practitioner as he had failed to comply with CLE requirements and also had multiple disciplinary matters pending before the KBA Office of Bar Counsel. The Bar Counsel later amended its objection to delete the former basis after Deters complied with the CLE requirements. Deters requested that Bar Counsel withdraw the objection; Bar Counsel refused. Bar Counsel's objection to his automatic reinstatement triggered 60 days of reciprocal discipline in Ohio. To be reinstated in Ohio, he had to first be reinstated in Kentucky. In compliance with the process laid out in SCR 3.510(2), Deters again applied for reinstatement.

A pretrial conference before the Character and Fitness Committee in connection with his application for reinstatement was scheduled for April 8, 2014. However, on April 7, 2014, Deters withdrew his reinstatement application and delivered a notice stating he wished to retire his suspended license. On November 21, 2014, at a disciplinary proceeding before the Kentucky Board of Governors (on two separate charges of misconduct), Deters learned that Bar Counsel opposed his request to retire pursuant to SCR 3.480, prohibiting an attorney against whom a disciplinary investigation or action is pending from withdrawing as a licensed attorney without resolution of disciplinary matters.

3.

In 2015, Deters was suspended for a third time by the Kentucky Supreme Court and sentenced to two consecutive 30-day suspensions. *Ky. Bar Ass'n v. Deters*, 465 S.W.3d 30 (Ky. 2015)("*Deters 2015*"). The suspensions were as a result of Deters' violation of two Kentucky Rules of Professional Conduct in two separate civil actions.[4] *Id.* at 31-32. Deters filed a motion

---

[4] The Kentucky Supreme Court determined that in both KBA File No. 19343 and KBA File No. 19711 Deters violated SCR 3.130-3.1 and SCR 3.130-3.4(c). Deters was also separately sanctioned by each of the trial courts involved. The state circuit court found that Deters violated Rule 11 and ordered that he pay $29,381.41 in attorneys' fees. *Deters 2015* at 31. The federal district court found that Deters violated 28 U.S.C. § 1927 and ordered that he pay $12,765.45. *Scott v. Sanders*, 2011 WL 1366365, at *5 (E.D. Ky. April 11, 2011).

to reconsider, challenging the fairness of SCR 3.510(2). (RE 21-1). The motion for reconsideration was denied.

### B. Deters' Constitutional Challenges to the KBA Disciplinary Process

Deters has filed four section 1983 actions in federal court since 2011, including this action, challenging his disciplinary proceedings or the rules governing attorney discipline and reinstatement. He has also filed three actions in state court attacking the constitutionality of the disciplinary process and its application to him. Each action was either voluntarily dismissed by Deters, dismissed for lack of merit, or dismissed as moot.

In Deters' actions against the KBA, including the present appeal, Deters has specifically contested the constitutionality of SCR 3.510(2) and SCR 3.160(4). SCR 3.510(2) provides in pertinent part:

> If the period of suspension has prevailed for 180 days or less, the suspension shall expire by its own terms upon the filing with the Clerk, Bar Counsel, and the Registrar of an affidavit of compliance with the terms of the suspension…provided, however, that such suspension shall not expire by its own terms if, not later than 10 days preceding the time the suspension would expire, Bar Counsel files with the Registrar an opposition to the termination of suspension wherein Bar Counsel details such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character… If such an objection has been filed by Bar Counsel, and is not withdrawn within 30 days, the Character and Fitness Committee shall conduct proceedings under SCR 2.300.

SCR 3.160(4) provides:

> Neither the Association, the Board, the Director, the Inquiry Commission, the Trial Commission, the Office of Bar Counsel, nor their officers, employees, agents, delegates or members shall be liable, to any person or entity initiating a complaint or investigation, or to any member of the bar or any other person or entity being charged or investigated by, or at the direction of, the Inquiry Commission, for any damages incident to such investigation or any complaint, charge, prosecution, proceeding or trial.

A brief summary of Deters' past actions challenging the constitutionality of the above rules and Kentucky's attorney-discipline process follows.

1.   Prior Federal Court Cases

Deters' first federal case challenging the constitutionality of the KBA's disciplinary process was filed in January 2011. *Deters v. Davis*, 2011 WL 127166 (E.D. Ky. Jan. 14, 2011)("*Deters I*"). Deters filed the section 1983 lawsuit naming as defendants the KBA, the Chief Justice of Kentucky, and others seeking an injunction against the bar disciplinary process that culminated in the 61-day suspension in *Deters 2012*. The district court denied Deters' motion for injunctive relief, holding "Deters' motion is wholly lacking in merit and, in many instances, completely contradictory to the entirety of case law." *Deters I*, 2011 WL 127166, at *12. The district court subsequently noted that Deters' complaint contained "at least three statements that [were] so plainly wrong that each would individually constitute a violation of Rule 11." *See Deters v. Davis*, 2011 WL 2417055, at *8 (E.D. Ky. June 13, 2011). Thereafter, Deters voluntarily dismissed the case but was ultimately sanctioned under Fed. R. Civ. P. 11. *Id*. Deters did not appeal.

Deters filed a second lawsuit in May 2011 challenging the disciplinary proceedings that resulted in the Kentucky Supreme Court's decision in *Deters 2012*. *Deters v. Ky. Bar Ass'n*, 2011 WL 5837172 (E.D. Ky. Nov. 21, 2011)("*Deters II*"). The complaint contained substantially similar fact allegations as in *Deters I*, but sought different relief. Specifically, as he does in this case, Deters sought a declaratory judgment that SCR 3.160(4), which provides immunity to Bar Counsel and others in connection with disciplinary matters, is unconstitutional. *Id*. at *2.  The

district court dismissed the complaint on the basis of *Younger/Middlesex* abstention,[5] and noted

in the alternative that Deters failed to state a claim upon which relief may be granted:

> The Court notes in closing that even if Deters' Complaint could somehow survive the defendants' threshold challenges, it nevertheless fails to state a claim upon which relief can be granted…[I]n Count I, Deters does not identify any constitutional right allegedly violated by the rule granting bar counsel immunity; instead the claim rests on an alleged violation of the Kentucky Constitution…Deters has no remedy under § 1983 because the first inquiry in every section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States.

*Id*. at *6 (citations omitted).

Deters appealed. A panel of this court affirmed. *Deters v. Ky. Bar Ass'n*, 2012 U.S. App.

LEXIS 27307 (6th. Cir. Dec. 10, 2012). On appeal, the Court affirmed the district court's

dismissal based on *Younger* abstention, and in doing so observed that Deters' argument

"confirm[ed] the district court's alternate finding that his claim is not cognizable under § 1983

because it is not based on the deprivation of a federal right." *Id*. at *6 (citing *Williams v. Bass*, 63

F.3d 483, 485 (6th Cir. 1995)).

In March 2014, Deters filed a third federal challenge, contesting the constitutionality of

SCR 3.510(2). *Deters v. Ky. Bar Ass'n*, 1:14-cv-192 (S.D. Ohio)("*Deters III*"). Deters asserted

that SCR 3.510 was unconstitutional and requested injunctive relief. While the KBA's motion to

dismiss was pending, Deters voluntarily dismissed the complaint without prejudice.

### 2. State Court Cases

While his unsuccessful challenge to SCR 3.160(4) was pending in *Deters II*, Deters filed

his first state court action in Franklin Circuit Court challenging the constitutionality of SCR

---

[5] "*Younger* abstention prevents federal courts from hearing civil rights tort claims brought by a person who is currently being prosecuted for a matter arising from that claim in state court, and the Supreme Court has found *Younger* applicable in the context of attorney discipline proceedings." *Deters II*, 2011 WL 5837172, at *5. (citation and internal quotation marks omitted).

3.510(2). (Complaint, RE 1 at ¶ 182). Deters voluntarily dismissed the complaint after the KBA filed a motion to dismiss. *Id.*

On the same day that Deters dismissed his complaint in Franklin Circuit Court, he filed a "Verified Petition and Request for Injunctive Relief" with the Kentucky Supreme Court, challenging the constitutionality of SCR 3.510(2). (Complaint, RE 1 at ¶ 19). On May 23, 2012, the Character and Fitness Committee voted 3-0 to recommend that Deters be reinstated after he completed several delineated conditions. The Board of Governors voted 13-0 not to reinstate Deters. On June 15, 2012, the Kentucky Supreme Court voted 7-0 to reinstate Deters. *Deters v. Kentucky Bar Ass'n*, 408 S.W.3d 71 (Ky. 2012). In so doing, the Supreme Court denied Deters' Verified Petition as moot. (Complaint, RE 1 at ¶ 182).

Deters' third state-court challenge related to SCR 3.510(2) was raised in connection with his disciplinary proceedings in *Deters 2013*. Deters claimed that he was unfairly suspended for an additional 52 days as a result of Bar Counsel's objection to his automatic reinstatement in connection with *Deters 2012*. As such, Deters contended that he should be credited with 52 days against the 60-day suspension in the 2013 disciplinary proceedings. *Deters 2013*, 406 S.W.3d at 821.

The Kentucky Supreme Court rejected Deters' arguments, explaining that under its rules, Deters' reinstatement following his 2012 suspension was expressly conditioned on the absence of an objection from Bar Counsel. *Id.* at 821. Also, the Kentucky Supreme Court determined that Deters had been accorded due process in the 2012 suspension and reinstatement proceedings, as well as the 2013 suspension proceedings. *Id.* at 822 ("Deters had received due process from these proceedings"). Deters filed a petition for a writ of certiorari seeking United States Supreme

Court review of *Deters 2013*; the Supreme Court denied the petition. *See Deters v. Ky. Bar Ass'n*, 134 S. Ct. 965 (2014).

### C. Current Federal Case

On January 5, 2015, Deters filed his fourth federal case. The complaint sought six forms of relief including, among other things, a declaratory judgment finding both SCR 3.510(2) and SCR 3.160(4) unconstitutional. Deters also sought a temporary restraining order and a preliminary injunction in connection with his 2013 suspension from the practice of law, as well as his voluntarily withdrawn application for reinstatement. Appellees moved to dismiss the complaint.[6] The district court denied Deters' request for injunctive relief and granted Appellees' motion. The district court held in pertinent part:

(a) The claims for a declaratory judgment that SCR 3.510(2) and SCR 3.480(1) are unconstitutional fail to state a claim upon which relief may be granted;

(b) The claim that SCR 3.160(4) is unconstitutional fails to state a claim upon which relief may be granted.

This appeal followed.

### II. STANDARD OF REVIEW

The standard of appellate review for a motion to dismiss pursuant to Rule 12(b)(6) is *de novo*. The court of appeals employs the same standard as the district court.

On a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)(citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). When

---

[6] While waiting for the district court to issue an order on his motions, Deters repeatedly contacted the court's chambers seeking a decision. On May 11, 2015, Deters filed with this Court a petition for writ of mandamus requiring the district court to act on his motion for preliminary injunction. (RE 20). That petition was dismissed as moot. (RE 27).

reviewing a Rule 12(b)(6) motion, the court of appeals "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Id.* (citation omitted). Such a motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citation omitted). The court of appeals, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted). Moreover, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability…stop[ ] short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Deters' appeal alleges two errors by the district court.[7] First, Deters says the district court erred by granting Appellees' motion to dismiss Deters' claim for a declaratory judgment because SCR 3.510(2) unconstitutionally deprived him of his due process rights. Second, Deters says the district court erred by granting Appellees' motion to dismiss Deters' claim for a declaratory judgment that SCR 3.610(4) is unconstitutional. We address each issue separately below.

---

[7] Sixth Circuit precedent deems all issues not identified and argued by an appellant in his opening brief as having been abandoned. *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006). As such, because Deters limited his opening brief to the issue of the constitutionality of SCR 3.510(2) and SCR 3.610(4), Deters cannot argue that the district court erred in the dismissal of any of his other claims.

A.  SCR 3.510(2)

1.

As noted above, SCR 3.510(2) conditions reinstatement of attorneys suspended for 180 days or less on the filing of affidavits and the absence of an objection by Bar Counsel to reinstatement.

Here, the district court properly dismissed Deters' due process challenge to SCR 3.510(2). In its order, the district court stated:

> The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § I. "Procedural due process requires that a person be afforded notice and a right to be heard before the state deprives him of a property or liberty interest." *Jahn v. Farnsorth*, No. 14-1916, 2015 WL 3938035, at *5 (6th Cir. June 29, 2015)(citing *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005)). "In reviewing an alleged violation of procedural due process, a court must first determine whether the party has identified a protected liberty or property interest, and then turn to whether the deprivation of that interest contravened notions of due process." *Id*. (citations omitted).
>
> "Property interests…are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bright Gallia Cnty., Ohio*, 753 F.3d 639, 656 (6th Cir. 2014) *cert. denied*, 135 S. Ct. 1561 (2015)(quoting *Board of Regents of State Colls. V. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701 (1972))…If Deters had a protected interest, then "the State could not deprive [him] of this property without due process." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

(Opinion, RE 23, Pg. ID 1008-09). As such, a procedural due process challenge involves a two-part analysis. First, the plaintiff has to show that he is being deprived of a cognizable property interest. Second, the plaintiff has to demonstrate the process provided fails to satisfy the requirements of the Due Process Clause.

The district court dismissed Deters' due process challenge to SCR 3.510(2) because of his failure to "point the Court to any specific legal authority to support his contention that he has

a property interest in his license to practice law," and relied on Kentucky authority recognizing that a law license is a conditional privilege and not a right. (Opinion, RE 23, Pg. ID 1009-12). Indeed, Kentucky law defines a law license as a conditional privilege – not an absolute right. *Commonwealth ex. rel. Ward v. Harrington*, 98 S.W.2d 53, 57 (1936). Further, in *Deters 2013*, the Kentucky Supreme Court confirmed the limited nature of Deters' interest, if any, in his license to practice law: "[I]t has long been the case that a license to practice law is not an absolute right, but a privilege only." *Deters 2013*, 406 S.W.3d at 822 (citation omitted).

Deters' license to practice law in Kentucky was, and continues to be, conditioned on his adherence to the unambiguous standards of conduct prescribed by the Kentucky Supreme Court, along with other requirements for maintaining his membership. Any interest is conditional. Following his suspension, these conditions include adherence to the requirements set forth in SCR 3.510(2). As such, Deters has no protected property interest in automatic reinstatement to the bar following suspension.

Deters raises for the first time on appeal that he had a mutually explicit understanding with the KBA that once he had gone through the process of becoming an attorney, he was entitled to the understanding that he had a valuable property interest in his law license. This argument fails for several reasons. First, any argument not presented to the district court is deemed forfeited when raised for the first time on appeal. *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 757 F.3d 540, 545 (6th Cir. 2014)(citing *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993)("In general, issues not presented to the district court but raised for the first time on appeal are not properly before the court")). Second, Deters has failed to establish that his supposed understanding of an entitlement was shared by the KBA or to provide any basis for such a belief. Third, the language of SCR 3.510(2) is unambiguously conditional on the

satisfaction of two conditions: (a) filing the necessary affidavits and (b) the absence of an objection to reinstatement by Bar Counsel. As noted in *Deters 2013*, the rule "specifically contemplate[s] that a lawyer's suspension may extend beyond the time ordered by this Court where Bar Counsel has reason to believe the lawyer is not currently qualified to practice law." *Deters 2013*, 406 S.W.3d at 822.

Finally, although Deters complains about the delay in the reinstatement process following his 2013 suspension, it was Deters, not Appellees, the Character and Fitness Committee, or the Kentucky Supreme Court, who ended his attempt at reinstatement by withdrawing his application.

Accordingly, because SCR 3.510(2) has not deprived Deters of any protected property interest in violation of due process, we find no error in the district court's holding that Deters' claim seeking a declaratory judgment that SCR 3.510(2) is unconstitutional failed to state a claim upon which relief may be granted.[8]

2.

Even if Deters can establish that his law license generally is a property right protected by due process, he was provided with due process in his suspension proceedings. With respect to his initial suspensions, Deters himself admits that "[i]n 2012 and 2013, [he] went through a lengthy due process proceeding in Kentucky." (Complaint, RE 1 at ¶ 22). Further, SCR 3.510(2) provided Deters with notice of Bar Counsel's objection to his automatic reinstatement and an opportunity to be heard by litigating the matter before the committee, the KBA Board of

---

[8] Appellees also contend that *Deters 2013* precludes Deters from challenging the constitutionality of SCR 3.510(2). In *Deters 2013*, the district court noted that "Deters has received due process from these proceedings." Thus, Appellees say that raising the identical argument here is barred by claim preclusion. The district court did not address whether claim preclusion existed as an alternate basis for dismissal. Because we affirm the district court's decision on the merits of the claim, a discussion of claim preclusion on the issue is unnecessary.

Governors, and the Kentucky Supreme Court. *See* SCR 3.510(2); SCR 2.300; *see also Deters 2013* at 818 (describing process). Further, as to the extension of his 2012 suspension, Deters fails to cite authority that a 52-day delay denies due process. Moreover, Deters waived his claim that SCR 3.510(2) deprived him of due process in his 2013 suspension by withdrawing his reinstatement application. *See Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004)("where the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim"). Accordingly, SCR 3.510(2) provides due process and the district court did not err.

## B. SCR 3.160(4)

As noted above, SCR 3.160(4) provides immunity to persons involved in the attorney disciplinary process. Deters' appeal contends that this rule is unconstitutional. The district court dismissed the claim because it determined that Deters failed to identify any protected interest. We agree.

The district court properly determined that Deters failed to identify a constitutional ground that the rule violates and provided no legal support for his contention that the rule is unconstitutional. Having failed to make the arguments below, he cannot do so for the first time on appeal. *See Am. Copper.*, 757 F.3d at 545. Even if Deters can raise the argument for the first time on appeal, he has failed to support his allegation that the rule deprives him of a constitutional right to procedural due process with any meaningful authority.

Accordingly, there was no error in granting Appellees' motion to dismiss Deters' claim that SCR 3.160(4) is unconstitutional.[9]

---

[9] Deters chose not to respond to Appellees' arguments regarding the constitutionality of SCR 3.160(4) in his reply brief.